### O'Banion v. Cunningham.

(Decided February 8, 1916.)

### Appeal from Owen Circuit Court.

1. Easements—Adverse Possession—Land Subject to Easement—Hostile Claim—Character of Notice.—Where a party has an easement over the land of another, he cannot change the character of his right to an adverse holding of the land itself, unless he either gives the true owner actual notice, or his acts and declarations of a hostile claim are so open and notorious as to leave no doubt in the mind of the true owner.

2. Easements—Adverse Possession—Land Subject to Easement—Hostile Claim—Character of Notice—Evidence—Sufficiency.—Where one has an easement over the land of another, the fact that the passway is enclosed, that the owner of the easement occasionally locked the gate and would not permit others to enjoy the passway, and that his stock would frequently enter the passway and pasture there, is not sufficient to apprise the owner of the land that the owner of the easement was asserting a hostile title to the land itself.

3. Easements—Forfeiture.—A right of way is not forfeited by a use not contemplated by the grant, unless such use is so interwoven with that allowed by the grant that the one cannot be separated from the other.

4. Injunction—Judgment—Character and Effect of.—An injunction which perpetually enjoins the defendant from using certain land other than as a passway, "and from maintaining or continuing any obstruction on said passway in any way or manner," is perpetual in character; and the effect of the judgment is not only to enjoin the defendant from obstructing the passway in future but to require him to remove all obstructions which he placed in the passway.

J. H. SETTLE for appellant.

BOTTS & PERRY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming on both original and cross-appeals.

Plaintiff, J. H. Cunningham, brought this suit against defendant, G. W. O'Banion, to enjoin the obstruction of a passway, to recover damages for its obstruction, to declare the passway forfeited, and to quiet his title to the land over which the passway runs. On final hearing plaintiff's title was quieted and he was awarded damages in the sum of $50.00, and the defendant was perpetually enjoined from using the land in question except as a passway, and was further enjoined from obstructing the passway in any manner. From this judgment plaintiff appeals, and defendant, claiming that he did not secure all the relief he was entitled to, prosecutes a cross-appeal.

The facts are as follows: On August 17th, 1872, one J. W. Johnson, a remote grantor of both plaintiff and defendant, conveyed to Joe C. Revill a small tract of land now owned by plaintiff. The deed contained the following reservation:

"The object of this deed is to convey only eight undivided ninths of said tract, reserving through the upper end a passway of twenty feet wide."

After the purchase by Revill, he acquired the other one-ninth interest and thus became the owner in fee. Thereafter, and on April 3rd, 1884, Revill conveyed the same land to Kittie B. Todd, with the following reservation:

"There being reserved in said deed of Johnson and wife a passway of twenty feet wide through the upper end of said land, the same passway is also reserved in this deed."

On February 2nd, 1910, Kittie B. Todd conveyed the land in question to plaintiff. The deed contains no reservation, but mentions the fact that the property conveyed is the same property which she acquired from Revill, by deed dated April 3rd, 1884, and recorded in Deed Book 31 in the Owen County Clerk's office.

At the time of the conveyance from Johnson to Revill, Johnson was the owner of other lands in the neighborhood of the land conveyed and of the tract now owned by plaintiff. By various conveyances, which it is not necessary to set out, defendant O'Banion acquired what is known as the "Ice House Lot" in the rear of plaintiff's lot and the passway in question; and also another lot immediately adjoining the passway for practically its entire length. On April 3rd, 1884, Johnson quit claimed to John S. Ransdell, one of the parties through whom defendant claims all his right, title and interest in and to the passway in question.

It will appear from the foregoing statement that the legal title to the land over which the passway runs is in plaintiff. Defendant not only owns lands to which the passway is appurtenant, but has acquired by quit claim deed the right to use the passway.

Defendant insists that his plea of adverse possession and champerty should have been sustained. As bearing on the character of his holding, he also insists that Johnson, who owned only an undivided eight-ninths in the tract of land now owned by plaintiff, could not create a valid easement therein. It is unnecessary to determine whether, under the circumstances of this case, defendant can avail himself of the latter contention even if sound. It is sufficient to say that Revill, who purchased eight-ninths of the tract from Johnson, afterwards purchased the remaining one-ninth from the other owner, and he, while the owner of the entire tract, reserved the same passway in the deed which he made to his grantee.

Neither the plea of adverse possession nor of champerty is available under the facts of this case. By the purchase of the lands, to which the passway was appurtenant, and by their deeds conveying the passway, defendant and his grantors acquired a mere easement over the land in question. Clearly where a party has an easement over the land of another, he cannot change the character of his right to an adverse holding of the land itself, unless he either gives the true owner actual notice

or his acts and declarations of a hostile claim are so open and notorious as to leave no doubt in the mind of the true owner. The fact, therefore, that the passway was enclosed, that the owner of the easement occasionally locked the gate and would not permit others to enjoy the passway, and that his stock would frequently enter the passway and pasture there, is not sufficient to apprise the owner of the land that the owner of the easement was asserting a hostile title to the land itself. The chancellor, therefore, properly held that defendant had a mere right of way over the land in question and had no right to use it for any other purpose.

On the cross-appeal it is insisted that plaintiff is entitled either to a perpetual injunction or to a forfeiture of the easement. A right of way is not forfeited by a use not contemplated by the grant, unless such use is so interwoven with that allowed by the grant that the one cannot be separated from the other. McNeal v. Talbott, 4 Ky. Law Rep., 612. Here the obstruction of the passway by defendant can easily be separated from its lawful use. Furthermore, the injunction is perpetual. By its terms defendant is perpetually enjoined from using the land in question other than as a passway, "and from maintaining or continuing any obstruction on said passway in any way or manner." The effect of the judgment is not only to enjoin defendant from obstructing the passway in future, but to require him to remove all obstructions which he placed in the passway.

Judgment affirmed on both original and cross-appeals.