836 FRANKLIN AVE. CATERING CORP., STERNBERGS, INC. and
SIGH HOLDING CORPORATION, Plaintiffs, *v.* BERTHA HABER and
Another, Defendants.*

Supreme Court, Special Term, Kings County, April 6, 1937.

* Affd., 251 App. Div. 728.

*Apfel & Apfel [Joseph R. Apfel of counsel], for the motion.*

*Bachrach, Bachrach & Bisgyer [Samuel S. Bisgyer of counsel], opposed.*

SMITH, J. This is a motion, pursuant to rule 109 of the Rules of Civil Practice, to strike out the third defense set forth in defendants' answer on the ground that it is insufficient in law.

The action is to compel defendants to recognize an easement of egress in case of fire in favor of plaintiff 836 Franklin Avenue Catering Corporation over a small strip of land in the rear of defendants' premises and also to compel defendants to remove the buildings, incumbrances and obstructions which may interfere with the enjoyment of the easement, and for other incidental relief. The easement was granted by deed.

The defense sought to be struck out alleges that prior to 1930 this plaintiff and its predecessors in interest misused and abused the easement by using the servient land for purposes other than that of egress in case of fire, that is, as a passageway for the delivery of merchandise, supplies and coal and for the removal of garbage and refuse; that by reason of such misuser, and to prevent its continuation, defendant Haber barred all use of the servient land by placing a lock on the gate or fence at the street line; that the use by this plaintiff of its premises for public assembly, weddings and banquets without having this means of egress available in case of fire is contrary to law; and by reason of this plaintiff's wrongful and unlawful acts plaintiffs are barred from seeking equitable relief.

Defendants contend this defense is good on the theory that he who seeks equitable relief must come into court with " clean hands."

I do not believe the allegations are sufficient to bring plaintiffs within the ban of that maxim. The legal effect of the allegations is that plaintiffs have abandoned or forfeited all right to the easement (1) by reason of their misuser or abuse of the right and (2) by reason of their maintenance of the premises as a place of public assembly without any available means of egress in case of fire, contrary to the law in such cases made and provided.

It is well established that the excessive misuse or abuse of any easement right is not sufficient to constitute a forfeiture, waiver or abandonment of the right. (*Welsh* v. *Taylor*, 134 N. Y. 450:

*Roby* v. *New York Central & H. R. R. R. Co.*, 142 id. 176, 181; *McCullough* v. *Broad Exchange Co.*, 101 App. Div. 566; affd., 184 N. Y. 592; *Adirondack Power & Light Corp.* v. *Evans*, 226 App. Div. 490, 493.) As stated in the *Roby* case, the "mere use of the easement for a purpose not authorized, the excessive use or misuse, or the temporary abandonment thereof, are not of themselves sufficient to constitute an abandonment." And, as stated in the *Adirondack* case, "one who acquires title by grant to an easement appurtenant to land has a right of property therein, and may insist upon its use whenever occasion requires. * * * Mere non-use will not suffice to destroy such an easement. It can only be extinguished by deed, or by adverse possession, or by some act showing a clear intention to abandon the same."

The facts set forth in this defense are wholly insufficient to show any intention on the part of plaintiffs to abandon the easement.

The maintenance of the premises occupied by plaintiff 836 Franklin Avenue Catering Corporation as a place of public assembly without available means of egress in violation of the law clearly cannot affect plaintiff's right to compel defendants to remove the obstructions erected by them and thus make egress available and the maintenance of the premises in compliance with the law. Defendants are as much responsible for the present violation as the plaintiffs, for it was defendants who blocked the means of egress. The fact that plaintiffs may have abused the easement right did not authorize defendants to seize and appropriate it to themselves arbitrarily. The maintenance of this plaintiff's premises, assuming it to be contrary to law, did not violate or affect any agreement as between plaintiffs and defendants or any right possessed by defendants. It is primarily in such cases, that is, where a plaintiff who seeks to enforce a restrictive covenant is himself guilty of violating the covenant, that the equitable doctrine "he who seeks equity must come into court with clean hands" may be invoked. (*Wallack Construction Co.* v. *Smalwich Realty Corp.*, 201 App. Div. 133; *Wilmot* v. *Gandy*, 122 Misc. 571; affd., 210 App. Div. 823.) Here the allegations of the defense disclose no act committed by plaintiffs (other than the exclusive use or abuse of the easement) which may affect defendants' right or which may subject plaintiffs to the reproach that they are in court with unclean hands.

Defendants further contend that this motion is in the nature of a demurrer, that a demurrer "searches the record," and that such a search reveals the insufficiency of the complaint; and hence the defense, even if bad, may not be struck out. In other words, defendants urge that a bad answer is a good answer to a bad com-

plaint. While this rule of pleading may be good, it cannot be applied here. I believe the complaint on its face is sufficient. Plaintiff's easement right is based on clauses in various instruments which describe it as running " from the market building located on the westerly side of Franklin Avenue." Defendants argue that this easement was to be appurtenant only to the " market " building, that is, as long as the building was used as a market, and that, if no such use is being made of the building, no use may be made of the easement. That the building is not used as a market but for public assembly, etc., is conceded. My construction of the ease- ment is that the use to be made of the building is of no consequence and that the easement is appurtenant to the premises located on the westerly side of Franklin avenue and not to any particular use to which the premises may be put from time to time. In any event, if there be any doubt as to the scope of the easement, that issue must be determined at the trial upon all the evidence which may be adduced.

The motion to strike out the third defense is granted.