**PENN BOWLING RECREATION CENTER,
Inc. v. HOT SHOPPES, Inc.**

No. 10020.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 8, 1949.

Decided Dec. 27, 1949.

Mr. James C. Wilkes, Washington, D. C., with whom Messrs. James E. Artis and George A. Glasgow, Washington, D. C., were on the brief, for appellant.

Mr. Edmund D. Campbell, Washington, D. C., with whom Mr. Grissim H. Walker, Washington, D. C., was on the brief, for appellee.

Before McALLISTER, sitting by designation, WILBUR K. MILLER and BAZELON, Circuit Judges.

McALLISTER, Circuit Judge.

In 1938, the Norment Estate conveyed a portion of its real property to appellee, Hot Shoppes, Inc., and subjected a part thereof to a sixteen-foot right of way for ingress and egress. This resulted in an easement for the benefit of the balance of the unconveyed property, adjacent thereto, which was retained by the Estate, and which, by virtue of the easement, became the dominant tenement. A part of this dominant estate came into ownership of appellant, Penn Bowling Recreation Center, Inc., by mesne conveyances, in 1940, two years after the creation of the right of way.

On February 5, 1948, appellee, Hot Shoppes, erected a barrier of iron posts and cement concrete blocks within the right of way and alongside of it, interfering with the full enjoyment of the easement by Penn Bowling; and shortly thereafter, appellant filed its complaint to enjoin appellee from maintaining the structure within the right of way and interfering with the use thereof. Appellee, in its answer denied that appellant was entitled to the use of the right of way, and asked for a permanent injunction against such use by appellant, as well as for a judgment declaring it to be permanently forfeited and extinguished by abandonment. Both parties filed motions for a preliminary injunction, but before a hearing was had on these motions, appellee filed a motion for summary judgment, asking dismissal of the complaint, a permanent injunction against the use by appellant of the right of way, and a declaratory judgment declaring that it had been permanently forfeited and extinguished by abandonment. The district court granted appellee's motion for summary judgment as prayed; and from such judgment, the Penn Bowling Recreation Center appeals.

The arguments that appellee addressed to the district court on the hearing on the motion for summary judgment embraced the contentions that appellant, as owner of the dominant tenement, had forfeited and extinguished the right of way by abandonment, as the result of subjecting the servient tenement to an additional and enlarged use or servitude in connection with other premises to which the easement was not appurtenant; that it had been guilty of the misuse of the easement of the right of way by reason of having used it for the parking of motor vehicles; and that, by certain masonry constructions, appellant had, in any event, made it impossible to use the right of way for egress and ingress.

With regard to the claim that appellant had subjected the servient tenement to a burden in excess of that imposed by the original easement, it appears that after the creation of the right of way for the benefit of the dominant tenement, appellant purchased not only that tenement but other real property adjacent thereto, the latter property not being entitled to the enjoyment of the easement. Appellant then constructed a building occupying a part of the dominant tenement, as well as the additional property adjacent thereto. Not all of the dominant tenement is occupied by the building. In fact, the total of the area of that portion of the dominant tenement, together with the non-dominant property over which the building is constructed, is a smaller area than the area of the

original dominant tenement. The building, thus constructed, houses a large bowling alley and restaurant. Appellant in the past has been using the right of way to bring fuel oil, food, equipment, and supplies to the building, and removing trash, garbage, and other material therefrom.

■ It is contended by appellant that since the area of the dominant and non-dominant land served by the easement is less than the original area of the dominant tenement, the use made by appellant of the right of way to serve the building located on the lesser area is not materially increased or excessive. It is true that where the nature and extent of the use of an easement is, by its terms, unrestricted, the use by the dominant tenement may be increased or enlarged. McCullough et al. v. Broad Exchange Company et al., 101 App.Div. 566, 92 N.Y.S. 533. But the owner of the dominant tenement may not subject the servient tenement to use or servitude in connection with other premises to which the easement is not appurtenant. See Williams v. James, Eng.Law.Rep. (1867), 2 C.P. 577. And when an easement is being used in such a manner, an injunction will be issued to prevent such use. Cleve et al. v. Nairin, 204 Ky. 342, 264 S.W. 741; Diocese of Trenton v. Toman et al., 74 N. J.Eq. 702, 70 A. 606; Shock v. Holt Lumber Co. et al., 107 W.Va. 259, 148 S.E. 73. Appellant, therefore, may not use the easement to serve both the dominant and non-dominant property, even though the area thereof is less than the original area of the dominant tenement.

The disposition of the foregoing issue brings us to the principal legal question in the case: whether appellant's use of the right of way resulted in the forfeiture and extinguishment of the easement by abandonment, and thereby entitled appellee, on a motion for summary judgment, to a decree permanently enjoining appellant from using the right of way.

■ Misuse of an easement right is not sufficient to constitute a forfeiture, waiver, or abandonment of such right. The right to an easement is not lost by using it in an unauthorized manner or to an unauthorized extent, unless it is impossible to sever the increased burden so as to preserve to the owner of the dominant tenement that to which he is entitled, and impose on the servient tenement only that burden which was originally imposed upon it. O'Banion v. Cuningham, 168 Ky. 322, 182 S.W. 185, Ann.Cas.1917A, 1017; 836 Franklin Ave. Catering Corp. et al. v. Haber et al., 164 Misc. 227, 297 N.Y.S. 612; See Annotation 78 A.L.R. 1222.

■ From the record before us, we are unable to ascertain what the total additional burden is that has been cast upon the servient tenement as the result of appellant's use of the right of way for ingress to, and egress from, the building which was located on part of the dominant and the non-dominant property. As has been mentioned, the building houses a bowling alley and restaurant. From affidavits on file, it appears that a soda fountain and luncheonette used in connection with the restaurant are located in that part of the building situate on the non-dominant real estate, which, of course, is not entitled to enjoyment of the easement; and it further appears that the right of way is used for the purpose of bringing supplies for the fountain and luncheonette and removing trash and garbage therefrom. It is not disclosed whether other supplies or materials brought to, or removed from, the building over the right of way are required for the use of that part of the structure located on the dominant estate or on the non-dominant property, or both. Affidavits filed by appellant indicate, however, that oil for heating purposes is delivered to the loading platform over the right of way. Whether the oil furnace is located on the dominant or non-dominant property does not appear. See McCullough et al. v. Broad Exchange Company et al., supra. But it is declared on the part of Penn Bowling that if the right of way were barred to appellant, a great hardship would result in the operation of the building housing the bowling alley and other facilities, and would necessitate large and expensive alterations of its building. Appellant may well be obliged to remodel its structure in order to operate, but it would appear that this can

be done and, consequently, appellee is not entitled to a decree extinguishing the easement or to a permanent injunction on the pleadings and proofs before us. Furthermore, appellant's building fronts on a public thoroughfare and changes conceivably could be made so that the non-dominant property could be served from the street. In any event, appellant can use the right of way only to serve the dominant tenement.

An authorized use and an unauthorized use may be intermingled in such a way as to justify enjoining any use until the circumstances have so changed that the authorized use may be permitted without affording opportunity for the unauthorized use, which it would be difficult to discover or prove. In such a case, the issuance of an injunction may be justified restraining any use until the building is so altered or changed that that part of it which is on the dominant tenement may enjoy the easement without permitting its enjoyment by the other part of the building having no right thereto. So where it can not be ascertained whether the easement of a right of way is being used solely for the enjoyment of the dominant tenement, or for additional property also, an injunction may be granted against further use of the easement until such time as it may be shown that only the dominant tenement is served by the easement. McCullough et al. v. Broad Exchange Company, et al., supra.

Appellee claims that appellant itself has made the use of the right of way for ingress and egress impossible, by constructing adjacent to its building a wall and loading platform which occupies the space between the building and the right of way, and that, therefore, appellant can not get onto its premises from the right of way but can only come up to them. To this contention, appellant replies that the platform, which occupies a space ten feet wide, can easily be demolished and leveled off even with the right of way, and thus afford ample space for any of its trucks to park on appellant's own land for purposes of loading or unloading. If the loading dock were removed so as to permit the use of the right of way for the dominant estate,

appellee's contention that appellant has made it impossible to use the easement for ingress or egress could not be sustained. This is a question, however, to be determined by the trial court after the taking of proofs in regard thereto.

Moreover, it is asserted by appellant that, in any event, in using the right of way for ingress to and egress from the dominant tenement, appellant is not required to cross over the line separating its property from the right of way, but that ingress and egress not only mean passing over the easement onto appellant's property and going from such property back over the easement, but also comprehend the coming to, and going away from, the line of the dominant tenement. On this question, we here express no opinion, as the determination of such issue is, in the first instance, for the trial court.

Appellee further complains that appellant misused the easement by parking motor vehicles on the right of way. The use of the easement for purposes of ingress and egress does not include its use for parking purposes and an injunction may issue to prevent such a use. However, it is to be said that appellant is entitled to a reasonable use and enjoyment of the easement for purposes of ingress and egress. In determining what is a reasonable use, the easement is to be construed in the light of the situation of the property and the surrounding circumstances for the purpose of giving effect to the intention of the parties. The long continued use of the right of way for the purpose of loading or unloading supplies at appellant's premises may indicate an intention of the parties that the easement might be used for that purpose. But appellant would thereby acquire no right to make any use of the easement which would unreasonably interfere with its use by appellee. Appellee has located on the premises in question its central offices and commissary, which is engaged in supplying sixteen restaurants in Washington and vicinity, and requires almost constant use of the driveway by appellee. Appellant's parking of vehicles on the right of way at a time when appellee needs its use would constitute an unlawful

68

interference with the latter's right. See Sachs v. Toquet et al., 121 Conn. 60, 183 A. 22, 103 A.L.R. 677. The determination of these questions largely depends upon the circumstances of the case and is properly for the district court.

In accordance with the foregoing, the judgment is set aside and the case remanded to the district court for further proceedings consonant with this opinion, with the reservation of right to the appellee to apply for a temporary injunction pending final decision of the court.