**PENN BOWLING RECREATION CENTER, Inc., v. HOT SHOPPES, Inc.**

**Civ. A. No. 697–48.**

United States District Court
District of Columbia.

Nov. 16, 1950.

James C. Wilkes, Norman M. Glasgow, Washington, D. C., for plaintiff.

Douglas, Obear & Campbell, Washington, D. C., for defendant.

KEECH, District Judge.

This cause came on for hearing on November 7 and 8, 1950, upon a complaint by Penn Bowling Recreation Center, Inc., for an injunction against and damages for obstruction of a right of way on defendant's property, and answer and counterclaim of Hot Shoppes, Inc., demanding a judgment declaring the rights of the plaintiff and defendant respectively in and to the right of way and a permanent injunction against plaintiff's use of the easement. Upon consideration thereof, evidence adduced at the trial, and arguments of counsel, the Court finds and concludes:

The case resolves itself into two questions presented by defendant's counterclaim: (1) whether there has been a forfeiture of the right to use the easement by virtue of the use to which it has been subjected by plaintiff; and (2) whether defendant is entitled

934

to an injunction against use of the right of way by plaintiff, so long as plaintiff uses it in connection with premises to which the easement is not appurtenant.

On the facts in this case and on the law as enunciated in the Court of Appeals' decision[1], I find and hold that there has been no forfeiture. Second, I find that the plaintiff is making use of the right of way in question not only in connection with the portion of its building on the dominant tenement, but also in connection with the portion of the building on the nondominant tenement. I further find that the authorized use by the dominant tenement and the unauthorized use by the nondominant tenement are so intermingled that, without alteration of plaintiff's building, use of the right of way by the dominant tenement cannot be permitted without affording an opportunity for unauthorized use, difficult to discover or prove. I therefore conclude that all further use of the right of way by plaintiff should be enjoined until such time as the building shall be so changed, altered, or arranged as to permit enjoyment of the easement for the advantage of the dominant tenement only, with leave to the plaintiff owner to apply to the court, on notice to defendants or their successors in interest, when that time shall have arrived, to vacate the injunction as to the dominant tenement, leaving the injunction, however, to stand permanently as to the remaining premises.

I find, in addition, that the building may be so altered as to permit lawful use of the right of way by the dominant tenement only; that the plaintiff is the owner of property adjacent to both its dominant and nondominant property, and that the entire building could be served from plaintiff's own adjacent property, or by his own property and Taylor Street, so that the right of way on defendant's property would not be subjected to unauthorized use for the benefit of the nondominant tenement.

In view of the foregoing conclusions, it becomes unnecessary to pass at this time upon the plaintiff's prayer for removal of the alleged remaining obstructions in the right of way, namely, the iron posts located on the side of the right of way; on plaintiff's right to use the right of way for the purpose of loading and unloading; or on the plaintiff's right to park vehicles in the right of way other than for the purpose of loading and unloading. Therefore, the complaint will be dismissed, without prejudice to the right of plaintiff to make a new application for removal of said posts if and when such change is made in the structure on plaintiff's property as to warrant lifting the injunction against plaintiff's use of the easement.

I have reached the foregoing conclusions after giving full consideration to the various and ingenious principles advanced by plaintiff's counsel as applicable to the case at bar, as well as authorities cited in support of the arguments presented; and from the facts adduced, the respective equities, and law as pronounced by the Court of Appeals, as it may be interpreted through a reading of the decisions cited therein, I find that an injunction against intermingled use of the easement by plaintiff is required.

Counsel will prepare appropriate findings of fact, conclusions of law, and order.

1. Penn Bowling Recreation Center, Inc. v. Hot Shoppes, Inc., 86 U.S.App.D.C. 58, 179 F.2d 64.