**Mattle S. COLBORN, Appellant,**

v.

**G. T. BAILEY, Appellee.**

**No. 11455.**

Court of Civil Appeals of Texas.

Austin.

Nov. 2, 1966.

Rehearing Denied Nov. 23, 1966.

**328**

Fanning, Billings, Harper, Pierce & Gilley, L. Vance Stanton, Dallas, for appellant.

McCulloch, Ray, Trotti & Hemphill, Ross H. Hemphill, Thomas W. Oliver, Dallas, for appellee.

ARCHER, Chief Justice.

This is an action brought by the appellee to enjoin appellant from parking her automobile on her driveway easement which crosses appellee's premises. The court interpreted the words "for driveway purposes" in the easement across appellee's premises, as meaning the " * * * easement is to be used solely for ingress and egress * * *" and, therefore, enjoined appellant from parking her car thereon.

The appeal is founded on one point of error and is:

The trial court erred in finding that an easement "for driveway purposes" does not include the right of appellant to park thereon in a manner that does not unreasonably interfere with the appellee's use thereof.

Appellee is the owner in fee simple of the West one-half of Lot 22 in Block Number 13/2028 of University Place, an addition to the City of Dallas, Texas. Appellant is the owner in fee simple of the East one-half of the same lot. The two tracts of land are equal size, and the appellant is entitled to an easement for driveway purposes over and across a portion of appellee's premises.

The above mentioned easement was created in the conveyance by Warranty Deed of the tract of land now owned by appellee, dated July 28, 1936, from Hercules Life Insurance Company to J. F. McNamara, at a time when Hercules Life Insurance Company owned all of Lot 22. It was the intention of Hercules Life Insurance Company at the time the easement was created to provide the owners and occupants of the remaining one-half of Lot 22, now owned by appellant, a means of ingress and egress due to the fact that there was no driveway on said land. Following the conveyance to McNamara, Hercules Life Insurance Company conveyed by deed to George A. Ripley, dated September 21, 1936, the remaining one-half of Lot 22, that being the East one-half. The identical language describing the easement that was used in the deed to McNamara was used in the deed to Ripley, to-wit: "an easement for driveway purposes."

■ Appellant began parking her automobile in the easement around May, 1964. She has parked her automobile "all over" the easement, both during the daytime and nighttime, and has parked thereon almost every day since May, 1964. Appellant has often parked her car in the easement at night, then awakened at five or six o'clock in the morning in order to move her car to enable her tenant to drive out by way of the easement. By parking in the easement across appellee's property at any time she sees fit, the appellant has lowered the resale value of appellee's property. Appellant, who is a licensed real estate agent, admitted that "I am sure it doesn't enhance the value of it."

The easement is one for driveway purposes.

Volume 13A of Words and Phrases, at page 43, defines "driveway" as follows:

"A 'driveway' is a passage way, a travel way, a way of ingress and egress. Fru-

min v. May, 251 S.W.2d 314, 319, 36 Tenn.App. 32

\* \* \* \* \* \*

The word 'driveway,' in its natural and ordinary sense, means a passage along which carriages or animals may be driven. Picerne v. Botvin, 71 A.2d 773, 776, 76 R.I. 422."

Appellant cites and in the main relies on the case of Baer v. Dallas Theater Center, Tex.Civ.App., 330 S.W.2d 214, ref., n. r. e.

We do not believe the decision in the Baer case to be controlling in this instant case. In the Baer case the grantor conveyed by deed, certain real estate and included therein was the grant of an easement "co-ordinate and equal with that reserved by the Grantor \* \* \* for use as a private road for pedestrian and vehicular traffic, it being expressly understood that Grantor and Grantee shall have equal rights of user of said easement."

In discussion of the parking question, the Court stated:

"As to the right to park vehicles, the nature and quality of the easement in question must be regarded. It is an express grant. It is not limited to mere right of ingress and egress. Its declared purpose is 'for use as a private road for pedestrian and vehicular traffic.' \* \* \* It is undisputed that appellant knew at that time that a building to cost at least $450,000 to be used as a dramatic school and theater was to be constructed on the site; and that large numbers of patrons, students, artists and employees would use its facilities. The terms of the grant indicate a recognition of the necessity for 'vehicular traffic' in this use. Both parties obviously contemplated existence of parking facilities.

\* \* \* \* \* \*

'In determining the scope of a grant, the language used, the situation of the parties, the purposes of the grant and the nature of the subject matter, may all be considered.' "

The trial court made findings of fact and conclusions of law that both plaintiff and defendant owned in fee simple their respective tracts; that defendant is entitled to an easement for driveway purposes over and across a portion of the premises owned by plaintiff and described as being a strip 12 feet wide, which was created in a deed from Hercules Life Insurance Company to McNamara at a time when the company owned both tracts, which are of equal size, and that it was the intention of the company, at the time the easement was created to provide the owners and occupants of defendant's land a means of ingress and egress due to the fact that there was no driveway on said land.

The court found that defendant has been parking her automobile in the easement.

The court concluded as a matter of law that the easement created in favor of defendant grants her the right to travel over plaintiff's land as a means of ingress and egress to her property, but does not grant to her the right to park her automobile, or any other motor vehicle on the land owned by the plaintiff.

A permanent injunction was granted the plaintiff enjoining defendant from parking her automobile or any other motor vehicle in the easement.

We believe the court was justified in granting the injunction as prayed for.

The two owners in this case have a common easement over the driveway for ingress and egress and neither owner has an absolute right to park vehicles on the driveway. 37 A.L.R.2d 945 and 946; Penn Bowling Recreation Center v. Hot Shoppes, 86 U.S. App.D.C. 58, 179 F.2d 64, 16 A.L.R.2d 602; Keeler v. Haky, 160 Cal.App.2d 471, 325 P. 2d 648.

The judgment of the trial court is affirmed.

Affirmed.