745 P.2d 206

**DND NEFFSON COMPANY, an Arizona general partnership, Defendant/Counterclaimant/Appellee,**

v.

**GALLERIA PARTNERS, an Arizona general partnership, Plaintiff/Counterdefendant/Appellant.**

**No. 2 CA–CV 87–0187.**

Court of Appeals of Arizona, Division 2, Department B.

Oct. 28, 1987.

Miller & Pitt by John A. Baade and Eugene N. Goldsmith, Tucson, for defendant/counterclaimant/appellee.

Leonard & Felker by Margaret A. Krigbaum and David H. Nix, Tucson, for plaintiff/counterdefendant/appellant.

OPINION

LIVERMORE, Presiding Judge.

Appellant Galleria Partners has nearly completed construction of a shopping mall

built on two parcels of land. One of these parcels fronts on Oracle Road. The other, called the Foster parcel, is east of it and is accessible only by an easement over Tucson Mall Ring Road granted to appellant's predecessor in interest by appellee DND Neffson Company. When Neffson learned that plans for the mall permitted access from the dominant estate, the Foster Parcel, to the other parcel, it sued to enjoin such use. The trial court granted summary judgment and entered an injunction prohibiting use of the easement until such time as the mall was altered to prevent use of the easement by those utilizing that portion of the mall not on the dominant estate. In this appeal, Galleria contends that questions of fact remain and that the injunction was inappropriate as premature. We disagree and affirm.

■ The law is clear that an easement appurtenant to a parcel of land, the dominant parcel, may not be used to benefit another parcel of land to which the easement is not appurtenant even though the two parcels are adjacent and under common ownership. *Penn Bowling Recreation Center, Inc. v. Hot Shoppes, Inc.*, 179 F.2d 64 (D.C.Cir.1949); *McCullough v. Broad Exchange Co.*, 101 App.Div. 566, 92 N.Y.S. 533 (1905), aff'd, 184 N.Y. 592, 77 N.E. 1191 (1906). The only building plans before this court show clearly that patrons from the non-dominant parcel will have access to the easement through the dominant parcel, thus benefiting from the easement improperly.

■ Appellant argues that only after construction is complete will the extent of the burden on the easement be discernable. However, we are not here concerned with the extent of the burden, i.e. with the actual amount of pedestrian and automobile traffic using the easement. An easement can be overburdened either by overuse or by improper use.

> It is elementary law that an easement cannot be extended by the owner of the dominant tenement to other land owned by him adjacent to or beyond the land to which it is appurtenant, for such an extension would constitute an unreasonable increase of the burden of the servient tenement.

*Kanefsky v. Dratch Construction Co.*, 376 Pa. 188, 195, 101 A.2d 923, 926 (1954) (footnote omitted). The easement granted to appellant was expressly "for the benefit of the Foster Parcel ...." Having planned the mall to permit unrestricted access to the easement by the non-dominant parcel, appellant is in no position to contend that that which it planned, a plain misuse, will not be used. Accordingly, injunctive relief was not premature.

■ Appellant also objects that it is enjoined from all use of the easement, not just use that is improper, and argues that such an injunction amounts to a forfeiture of the easement. In *Penn Bowling*, the court held:

> An authorized use and an unauthorized use may be intermingled in such a way as to justify enjoining any use until the circumstances have so changed that the authorized use may be permitted without affording opportunity for the unauthorized use, which it would be difficult to discover or prove. In such a case, the issuance of an injunction may be justified restraining any use until the building is so altered or changed that that part of it which is the dominant tenement may enjoy the easement without permitting its enjoyment by the other part of the building having no right thereto.

179 F.2d at 67. Given the facts of this case the court was entirely correct in enjoining all use of the easement. Moreover, the injunction clearly does not amount to a forfeiture when the court has provided specifically that legitimate use of the easement may resume as soon as it is clear that the easement will not be used by those who have no right to use it.

■ Finally, appellant argues that summary judgment was erroneously granted because there remain material questions of fact to be resolved. Those remaining questions involve the extent to which traffic from the non-dominant portion of the shopping mall will use the easement. This is the same argument advanced above and we reach the same result. Misuse, having

**150**

been contemplated in planning, has been shown to exist. The fact that current building plans allow access to the easement by those who have no right to use it is not in dispute. Summary judgment was properly granted.

Affirmed.

ROLL and FERNANDEZ, JJ., concur.