TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00380-CV






R. Stephen McNally, Appellant



v.



Joseph Guevara and Maria Trevino, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 95-09666, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING 






 Appellant, R. Stephen McNally, complains of the trial court's granting of summary
judgment in favor of appellees, Joseph Guevara and Maria Trevino. We will affirm.


STATEMENT OF FACTS

 In November 1979, McNally purchased the house at 602 Elmwood for use as
multiple tenant housing. The purchase included a separate grant of "an easement for driveway
purposes" ("the driveway easement") over 600 Elmwood, appellees' property. Appellees'
predecessors granted the driveway easement to McNally's immediate predecessor in January 1979. 
The driveway easement crosses the back of appellees' property and leads to the driveway and
garage behind the 602 Elmwood house. (1) McNally asserts that his predecessor parked on the
driveway easement and that McNally and his tenants have been driving and parking on the
driveway easement for the past sixteen years. (2) Although the 600 Elmwood property, a four-plex,
is also used as rental housing, these residents have their own parking on that property and access
to that parking independent of the driveway easement. 

 Appellees purchased the 600 Elmwood property in 1992. Despite the long history
of 602 Elmwood residents parking on the driveway easement, McNally claims that appellees
attempted to interfere with his parking rights by erecting a no parking sign, threatening to tow his
tenants, and telling McNally that he and his tenants have no right to park on the easement. In
response, McNally filed suit against appellees, seeking a declaratory judgment that he had the right
to park on the driveway easement and an injunction prohibiting appellees from interfering with that
right. McNally claimed he was entitled to park on the driveway easement because the express
grant of the driveway easement included parking, or, alternatively, he had acquired a prescriptive
easement to park in the driveway easement area. Appellees counterclaimed and requested the trial
court to declare that the driveway easement was for ingress and egress only and did not include
parking. Appellees then filed a motion for summary judgment. After a hearing, the trial court
granted appellees' motion for summary judgment. McNally now appeals.


DISCUSSION

I. Finality of Summary Judgment

 McNally argues in his first point of error that the summary judgment order is not
final and reviewable because it does not rule on all issues presented in the pleadings. In particular,
McNally contends that the judgment does not contain a "Mother Hubbard" clause or its functional
equivalent. He also insists the order fails to dispose of appellees' claim for attorney's fees and
does not rule on the merits of his prescriptive easement claim. (3) We reject McNally's arguments.

 In order to be final and appealable, an order granting a motion for summary
judgment must dispose of all parties and issues before the court. See Mafrige v. Ross, 866 S.W.2d
590, 591 (Tex. 1993). "If a summary judgment order appears to be final, as evidenced by the
inclusion of language purporting to dispose of all claims or parties, the judgment should be treated
as final for purposes of appeal." Mafrige, 866 S.W.2d at 592. Further, finality is to be judged
by the trial court's intent as discerned from the language of the decree, the record as a whole, and,
occasionally, the parties' conduct. See Continental Airlines, Inc. v. Keifer, 920 S.W.2d 274, 277
(Tex. 1996).

 Here, we have an order that disposes of all issues and parties before the court and
evidences the trial court's intent that it be final. McNally's petition claimed an entitlement to park
on the easement based either on the express driveway easement itself or upon a prescriptive
easement theory. Appellees' summary judgment motion attacked both of McNally's theories and
requested judgment that the driveway easement be found to exclude parking as a matter of law. 
In ruling on the matter, the trial court recited that appellees' motion for summary judgment
"should be in all things granted and that the [appellees] in this action are entitled to summary
judgment." The trial court found 


that the easement in question . . . is a specific and unambiguous grant of an
easement; that the easement gives [McNally] the right to travel over the easement
as a means of ingress and egress but does not give [McNally] the right to park
automobiles or other motor vehicles on the easement . . . .



The trial court further found "as a matter of law that [appellees should] prevail on their claims for
relief under the Uniform Declaratory Judgments Act." Finally, the trial court ordered all costs
taxed against McNally. Although the trial court's order did not specifically deny relief based upon
the prescriptive easement theory, the trial court in fact ruled upon, and rejected it, when it deemed
that appellees' summary judgment motion should be in all things granted. While McNally is
correct that the summary judgment order does not decide appellees' claim for attorney's fees, this
is due to appellees' waiver of attorney's fees and not to an oversight of the trial court, which could
render the order a partial summary judgment. Appellees admit that they abandoned their claim
for attorney's fees in the trial court and affirm that waiver on appeal. Thus, they cannot recover
attorney's fees despite appellant's insistence. Consequently, we conclude that, as the trial court
intended, the summary judgment order disposed of all issues and parties in the case; thus, the
order is final and appealable. We overrule McNally's first point of error.

II. Summary Judgment

 The standards for review of a summary judgment are well established: (1) the
movant must show there is no genuine issue of material fact and that it is entitled to a judgment
as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding
summary judgment, the court must take evidence favorable to the nonmovant as true; and (3) the
court must indulge every reasonable inference in favor of the nonmovant and resolve any doubts
in the nonmovant's favor. See Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49
(Tex. 1985). A defendant seeking summary judgment based on a plaintiff's inability to prove its
case must conclusively disprove at least one element of each of the plaintiff's causes of action. 
See Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991). Because the propriety of a
summary judgment is a question of law, we review the trial court's decision de novo. See
Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994). 

 We first address McNally's third point of error concerning the scope of the
driveway easement, as this is germane to all of McNally's points of error. McNally avers that the
trial court erred in granting summary judgment on the basis that an easement for "driveway
purposes" absolutely excludes parking. McNally complains that the language of the driveway
easement is ambiguous, thus rendering its scope a fact question inappropriate for summary
judgment. Appellees contend the trial court correctly determined that the driveway easement
excludes parking as a matter of law. We agree with appellees.

 There is no dispute that McNally has the right to utilize the driveway easement to
access the parking located behind his house. The dispute centers on whether the express grant
allows McNally's tenants to park their cars in the driveway easement area. As summary judgment
proof that the terms of the driveway easement exclude parking as a matter of law, appellees
offered an opinion out of this Court, Colburn v. Bailey, 408 S.W.2d 327 (Tex. Civ. App.--Austin
1966, no writ). Colburn involved the same issue as in this case: whether an owner of an easement
for "driveway purposes" can park automobiles on that easement. The Colburn court concluded
that an easement for "driveway purposes" only provides a means of ingress and egress and does
not include parking rights. See Colburn, 408 S.W.2d at 329. In light of the Colburn precedent,
we reject McNally's argument that summary judgment was inappropriate because the easement
is ambiguous and presents a fact question. In accordance with Colburn, we conclude that
McNally's specific easement for "driveway purposes" is solely for ingress and egress and excludes
parking. Point of error three is overruled. 

 In his second point of error, McNally claims the trial court erred in granting
summary judgment on issues not expressly presented in the motion, not proven by the summary
judgment proof, and unsupported by Texas law. McNally first complains that appellees' summary
judgment motion did not include their claim that McNally forfeited the driveway easement. 
However, appellees asserted this argument in their counterclaim only as an alternative position if
the trial court ruled against them on the scope of the easement, which it did not. Second, McNally
argues the summary judgment motion did not address appellees' request for attorney's fees. As
previously explained, appellees waived attorney's fees. Appellees represented in their brief and
at oral argument that they waived their claim for attorney's fees, thus explaining why their
counterclaim requests attorney's fees but their summary judgment motion does not and why none
were awarded.

 Lastly, McNally argues the summary judgment motion failed to mention, expressly
present, or conclusively disprove his prescriptive easement theory. Appellees' summary judgment
motion refers to McNally's "alternative contention that he is entitled to park on the easement . .
. because [he] has parked on the easement over a period of time." The trial court's order granted
appellees' motion in all things. Thus, we conclude that the motion did address the prescriptive
easement claim raised in McNally's pleadings and the trial court's order found against McNally
on this theory as a matter of law. Appellees attacked McNally's prescriptive easement claim by
arguing in their summary judgment motion that a grant of a specific easement may not be enlarged
by prescription. See Kearney & Son v. Fancher, 401 S.W.2d 897 (Tex. Civ. App.--Fort Worth
1966, writ ref'd n.r.e.). In Kearney, the court stated if "the terms of the grant are specific, the
limits of the use may not be enlarged." Kearney, 401 S.W.2d at 903. Here, McNally has a
specific grant of a driveway easement for ingress and egress only. Accordingly, we agree with
appellees that McNally cannot enlarge that right to include parking by prescription. McNally's
second point of error is overruled.

 McNally argues in his fourth point of error that the summary judgment motion
failed to establish that parking was not necessary to the full enjoyment of the driveway easement;
therefore, the summary judgment order was not appropriate. Our holding that the scope of the
easement for "driveway purposes" is limited to ingress and egress makes this point moot. Point
of error four is overruled.

CONCLUSION

 We have determined that the summary judgment order was final and appealable,
the summary judgment motion presented and conclusively disproved all issues, and the trial court
correctly interpreted, as a matter of law, the scope of the express driveway easement. 
Accordingly, we affirm the summary judgment.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Jones and Kidd

Affirmed

Filed: January 14, 1999

Publish
1. The record is unclear as to whether the driveway easement provides the only access to
McNally's property or just the most convenient access. The diagram printed in the dissenting
opinion illustrates the layout of the two properties and the easement.
2. McNally claims the driveway easement area provides four to six parking spaces for his
tenants. The summary judgment proof showed that McNally charged his tenants for parking in
the driveway easement, either in the lease agreement or in a separate parking charge. 
3. McNally argues that the summary judgment order also does not address his "implied
easement claim." This claim, however, was not before the trial court at the time the order was
signed on March 21, 1997. McNally did not assert this claim until he filed a Second-Amended
Original Petition on October 1, 1997. The issue, therefore, was never before the trial court and
cannot affect the finality of the summary judgment that was granted.