## Cleve, et al. v. Nairin.

(Decided June 24, 1924.)

### Appeal from Jefferson Circuit Court
### (Chancery Branch, Second Division).

1. Easements—Easement Cannot be Enlarged to Tracts of Land to which Right is Not Attached.—An easement for benefit of a particular piece of land cannot be enlarged and extended to other parcels of land, whether adjoining or distinct tracts, to which right is not attached, whether created by grant, reservation, prescription or implication.

2. Easements—Alley Held Not to be Used for Benefit of Small Tract Omitted from Partition.—As alleyway easement granted by partition deeds was appurtenant only to lot originally partitioned to certain person; neither that person nor her successors in title had right to use alleyway in order to reach a small tract omitted from partition, even though in same inclosure.

3. Easements—Allegations Held Not to Show Prescriptive Right to Use Passway for Purpose of Reaching Certain Tract.—Allegations of answer held not sufficient to show prescriptive right to use passway for purpose of reaching certain tract.

HARDIN H. HERR and JOSEPH SOLINGER for appellants.

EDWARDS, OGDEN & PEAK and EDWARD BLOOMFIELD for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

This is an appeal from a judgment enjoining appellants from using or trespassing upon a five-foot alley in the rear of appellee's property.

Prior to 1850 William Raey, who died in that year, owned a lot 105 feet by 105 feet at the southeast corner of First and Market streets in Louisville. He also owned a small adjoining tract. On his death the property was divided equally among his three children. Each of the deeds contained the following provision:

"With the free and unmolested use and advantage and easement of the alley 5 feet wide extending from First street to Smyser's and Smith's lot which alley is to be perpetually kept open for the free use and benefit of the owners and tenants of said lot divided as aforesaid. And said Charles S. Raey and his tenants and heirs and assigns shall have free ingress and egress from said alley to First street, title

of which is to be held in common with the owners of the balance of said lots."

Afterwards the title to a portion of the lot conveyed to Charles S. Raey passed to appellee.

Another lot 37½ feet by 100 feet was allotted to Anna Miller. According to the answer she took possession of this lot and the small adjoining tract, which is not included in the partition proceedings, and enclosed the property with a fence. Later on she and her husband conveyed the property allotted to her in the division of her father's estate and also the strip of land omitted from the partition to Thomas L. Jefferson and the Louisville Trust Company, trustees of Lillie E. Holloway. The answer also contains the following allegations: "Defendants state that the said Lillie E. Holloway and her predecessors owned and continued to use the above described tract of land, which includes the private alleyway referred to in the plaintiff's petition, and the use of the same in and to the lot on the south side thereof, and have continued to use, own and occupy adversely, for a period of more than 70 years, and that said alleyway, extending from First street eastwardly and passing in the rear of plaintiff's property, is appurtenant to the property owned by said Lillie E. Holloway, and said right of way, and use of said alley in and to the property of said Lillie E. Holloway has been used openly, and continuously and notoriously, for a period of more than 70 years, by Lillie E. Holloway, her tenants, subtenants, and predecessors, as hereinabove set out." It further appears from the answer that Louis Schuster, the lessee of Lillie E. Holloway, with the consent of her trustees, leased to appellant, Frank Cleve, Sr., the vacant lot in the rear of the premises of Lillie E. Holloway, described as 14 feet 8 inches by 30 feet 5 inches, with the right of ingress and egress to same from the five foot alley, and it is alleged that appellants have the right to use the alley by reason of the lease. A demurrer was sustained to the answer.

Appellants, who own a lot of irregular shape just south of the five foot alley, tore down the fence between their property and the alley and undertook to widen the alley to enable them to use it as a driveway to a garage which they constructed from the extreme end of their lot across the alley, and on the rear of the lot which they leased from Schuster. The question is whether they have the right to use the alley to reach the garage.

There is no dissent from the rule that an easement for the benefit of a particular piece of land cannot be enlarged and extended to other parcels of land, whether adjoining or distinct tracts to which the right is not attached. The purpose of this rule is to prevent an increase of the burden upon the servient estate, and it applies whether the easement is created by grant, reservation, prescription or implication. 9 R. C. L. 768; French v. Marstin, 24 N. H. 440, 57 Am. Dec. 294. A case in point is Diocese of Trenton v. Toman, 74 N. J. Eq. 702, 70 Atl. Rep. 606, where the defendants sought to use an alley to reach a garage which was erected partly on land to which the easement was appurtenant, and partly on land which was never a parcel of the properties between which the alleyway was situated. After laying down the rule that a right of way appurtenant to a lot cannot be used for the purposes and benefit of another lot to which no such right is attached, even though such other lot be adjoining and within the same enclosure with that to which the easement applies, the court said: ''From the above authorities, it clearly appears that the easement of the Toman Bros. in the alleyway in question is appurtenant only to their lot in the rear of No. 132 North Warren street, and that the way is servient only to its use as a carriage way to and from the lot, and that they cannot enter upon the lot through the alleyway for the purpose of going beyond the lot to their premises No. 130 North Warren street, nor can they, after passing from the latter premises to the rear of 132, pass out through the alleyway.''

As the alleyway in question was appurtenant only to the lot originally partitioned to Anna Miller, it is clear that neither she nor her successors in title had the right to use the alleyway in order to reach the small tract omitted from the partition, even though that tract was in the same enclosure.

But appellants insist that the allegations of the answer are sufficient to show that Lillie E. Holloway and her predecessors in title had acquired by adverse user the right to use the alley for the purpose of reaching the small tract omitted from the partition. If it had been alleged that Lillie E. Holloway and her predecessors in title had used the alleyway for a period of more than seventy years for the purpose of leaving or going to the small tract, there might be some merit in the contention.

The answer, however, merely alleges that the alley is appurtenant to the property owned by said Lillie E. Holloway, and that it had been used openly, continuously and notoriously for a period of more than seventy years by Lillie E. Holloway, her tenants, subtenants and predecessors. All this may be true, and yet no one have ever used the alley for the purpose of reaching the small tract, and unless this was done, there was nothing in the situation to put anyone on notice that the alley was being used for a purpose not contemplated by the grant. It follows that the allegations of the answer were not sufficient to show a prescriptive right to use the passway for the purpose of reaching the small tract.

Judgment affirmed.