# CHARLESTON.

A. D. Shock *v.* The Holt Lumber Company *et als.*

(No. 6414)

Submitted April 16, 1929.    Decided April 23, 1929.

*Young & McWhorter* and *W. S. Wysong,* for appellants.
*W. T. Talbott,* for appellees.

LITZ, JUDGE:

The defendants, Ralph H. Ely, Mamie Clark Ely and The Ralph E. Ely Company, a corporation, appeal from a decree of the circuit court of Webster county, enjoining and restraining them from transporting certain timber over the lands of the plaintiff, A. D. Shock.

By deed bearing date November 13, 1923, (in which his wife joined), the plaintiff conveyed to the Holt Lumber Company, a corporation, specified timber on four several tracts of land in Lewis and Webster counties containing, respectively, one hundred acres, fifty-one acres, forty-five acres and forty-three and one-half acres; and "all necessary privileges of surface and operating through and over the lands, aforesaid, for the removal and transportation of the timber hereby conveyed, and of any other timber the second party now owns on contiguous or adjoining lands, including rights of way for hauling roads, tramroads, skidways, and railroads, necessary and proper for the advantageous and economical operation and removal of said timber." The deed provides that when the grantee or its assigns "shall have permanently ceased and discontinued the use of said railroad or railroads in its or their operation, transportation and removal of said timber, then the said railroad right of way, when the steel shall have been taken up and removed therefrom", shall, without reconveyance, revert to the grantors; that the grantee, its successors or assigns, shall have eight years from the date of the conveyance to cut and remove the timber granted; and that all of said timber then remaining upon the lands of the plaintiff, unmanufactured, shall also revert to and become the property of the grantors.

The bill alleges that defendant, The Ralph E. Ely Company, successor in title of Holt Lumber Company, has cut and removed all of the timber conveyed by the said deed of November 13, 1923, and all timber then owned by Holt Lumber Company on contiguous or adjoining lands, and is now transporting by means of a railroad (used for the removal of such timber) other timber over the lands of the plaintiff; and prays that the defendants be enjoined from transporting any timber or timber products over the lands of the plaintiff. Defendant, The Ralph H. Ely Company, in its answer to the bill denies that it has removed all the timber conveyed by the said deed and other timber owned by the Holt Lumber Company, at the date thereof, on lands contiguous to or adjoining the plaintiff's; and further denies that the defendants "have been continuously trespassing upon plaintiff's said lands without any right, title or authority from the plaintiff or other persons in authority over said land, by continuously operating its railroad, logroad and tramways in the removal over plaintiff's said lands, of logs, timber, and other products cut from timber, not conveyed to either of the defendants by the plaintiff, and not adjacent to lands of the plaintiff, described in the deed of November 13th, 1923, (as alleged in the bill) *except that possibly some timber subsequently acquired by the Ralph H. Ely Company and the Holt Lumber Company and operated in connection with the timber owned by the Holt Lumber Company on adjacent and contiguous lands, and owned by it at the time of the purchase from the plaintiff,* all, as respondents are advised, in conformity with the real spirit, purpose and intentions of the right of way and easements set forth in the deed." The decree complained of, which was entered upon the bill, and answer of the defendant, The Ralph H. Ely Company, and general replication thereto, enjoins and restrains defendants from operating said railroad "in the removal over plaintiff's lands of logs, timber and other products cut from timber on lands not conveyed to either of the defendants by the plaintiff and not adjacent to the lands of the plaintiff described in the deed of November 13, 1923, as well also as from lands acquired either by the defendant, Ralph H. Ely Company or

by said Company, from any successor in title who has acquired the same, since said date.'' A decision on the alleged right of the plaintiff to enjoin defendants from moving timber or timber products from lands of the plaintiff, or from lands contiguous thereto which were owned by the Holt Lumber Company at the date of the deed of November 13th, 1923, is postponed until the further hearing of the cause.

The defendants contend that the bill does not present a case for equitable relief, and that the plaintiff's remedy, if any, is an action for damages, but apparently concede that the use of an easement acquired by contract is confined to the purposes comprehended by its terms. There can be no question that the rights of one claiming an easement by express grant are limited within the scope of the privilege. The extent of the servitude is determined by the terms of the grant. 9 R. C. L., 787. ''Where an easement exists by express grant its use must be confined to the terms and purposes of the grant.'' 19 C. J., 974. *Roberson* v. *Shepherd,* 33 W. Va. 307, 317; *Watts* v. *Johnson, etc., Real Estate Corporation,* 105 Va. 519, 524, 54 S. E. 317. ''As has been previously stated, when a right of way has been acquired by grant, it must be used according to the terms of the grant; and when a right has been acquired by prescription the right will be commensurate with and measured by the use.'' Wood on Nuisances, section 164. There is also little doubt that the owner of land over which a right of way has been granted may, ordinarily, restrain an excessive and unwarranted use of the easement. ''An unlawful or excessive use of an easement may be enjoined.'' 2 Joyce on Injunctions, section 1021a; *Elser* v. *Village of Gross Point,* 223 Ill. 230, 79 N. E. 27, 114 Am. St. Rep. 326; *Mendelson* v. *McCade,* 144 Cal. 230, 77 Pac. 915, 103 Am. St. Rep. 78; *Green* v. *Canny,* 137 Mass. 64. Pom. Eq. Juris. (2nd ed.) sec. 1961, p. 4459. ''While there is authority apparently to the contrary, it has been held that a user in excess of, or different from, that to which the owner of the dominant tenement has acquired a right may be enjoined, especially where the excessive user is continuous and repeated under a claim of ownership.'' 19 C. J., 990. The only case cited as ''authority apparently to

the contrary'', is *Berryman* v. *East Hoquiam Boom, etc., Co.,* 68 Wash. 657, 124 Pac. 130, in which it was stated, as obiter, that an injunction would not issue to restrain the exercise of an easement, acquired by prescription, because of alleged negligent use of the privilege. The attempted excessive use by the defendants of the easement in question constitutes a continuous trespass to real property, which may, ordinarily, be enjoined. ''The injunction is granted, not merely because the injury is essentially destructive, but because, being continuous or repeated, the full compensation for the entire wrong cannot be obtained in one action at law for damages.'' 4 Pom. Eq. Juris., section 1357, page 3241. This Court has recognized the remedy by injunction in such cases. In *Stifel* v. *Hannan,* 95 W. Va. 617, the defendant was enjoined from maintaining an unauthorized connection of a water service pipe on his premises with one installed by the plaintiff over a private way in which the parties had equal rights, although no actual injury to the plaintiff had been shown. ''While courts of equity will not ordinarily enjoin a mere trespass yet they have frequently interferred for the purpose of preventing a continuing trespass, involving a multiplicity of suits at law, which is both a grievance to the parties, and a burden to the public. It is not material that each of the acts complained of, taken by itself, may not be destructive or inflict irreparable injury or that the damages therefor may be only nominal.'' 14 R. C. L., 455.

The decree is affirmed.

*Affirmed.*