S. S. Kresge Company of Michigan, Respondent, vs. Winkelman Realty Company and others, Appellants.

*December 4, 1951—January 8, 1952.*

For the appellants there were briefs by *Smith, Okoneski, Puchner & Tinkham* of Wausau, and oral argument by *R. E. Puchner* and *Richard P. Tinkham*.

For the respondent there was a brief by *Genrich & Terwilliger,* attorneys, and *Emil A. Wakeen, Walter H. Piehler,* and *Neil M. Conway* of counsel, all of Wausau, and oral argument by *Herbert Terwilliger*.

BROADFOOT, J.  The defendants claim that the owner of land has a right to use it to its fullest economic value. With this general statement there can be no quarrel. However, the plaintiff is the owner of the alleyway in question, subject to the easement established by the judgment of 1936. There is another general statement of law that an easement can be used only in connection with the estate to which it is appurtenant. *Reise v. Enos,* 76 Wis. 634, 45 N. W. 414; *Guse v. Flohr,* 195 Wis. 139, 217 N. W. 730. A prescriptive right acquired by a particular use of the property cannot ordinarily justify an added use in connection with the dominant estate in a manner far different from that employed under the original use. Defendants' easement was established because of use of the alleyway by the owner of a building used for a barbershop and living quarters. The fact that in 1934 the property was used in connection with lot 2 as a retail store had not established any prescriptive rights in 1936. In this case the defendants have greatly changed the use of the dominant estate in that it is now used as a retail outlet for appliances and as a storage warehouse for other merchandise that is not to be sold upon the premises. The trial court's

finding that this was an added burden upon the servient estate is clearly supported by the evidence.

The facts in this case are similar to those in the case of *McCullough v. Broad Exch. Co.* 101 App. Div. 566, 92 N. Y. Supp. 533. In that case an easement permitted the use of an alley for ingress and egress over a servient estate. Later the dominant estate was included as part of a larger tract of land upon which an office building was erected. The building was heated by a single plant on the dominant estate, which was located so that the alley could be used in hauling coal to and removing ashes from the building.' The court there held that the owner of the office building had no right to use the dominant estate to generate heat which he transmitted to portions of the building not located on the dominant estate. This was held to be an added burden upon the servient estate and an improper attempt to enlarge upon the original easement.

The defendants further contend that they have not unreasonably burdened or changed the nature of the use of the alleyway. It was held in the case of *Lindokken v. Paulson,* 224 Wis. 470, 272 N. W. 453, that an easement for a specified purpose may be enlarged by subsequent adverse user. The owner of the servient estate is not required to wait until his property has been unreasonably burdened and thereby permit additional rights to be gained by prescription but he may proceed when any additional burden is placed upon his property and whenever the defendants improperly attempt to increase their rights under their easement.

The plaintiff, by motion for review, asks for modification of the judgment to enjoin any use of the easement by the defendants on the ground that it is difficult to distinguish the increased burden from the lawful use of the easement to which the defendants are entitled. The judgment granted all of the relief prayed for by the plaintiff in its complaint. Sec. 270.57, Stats., provides:

"The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint; but in any other case the court may grant him any relief consistent with the case made by the complaint and embraced within the issue."

The defendants having answered, the court could have granted any relief consistent with the allegations of the complaint. He did not choose to enjoin the defendants from making any use of their easement, and since there was no abuse of judicial discretion, there is no basis for plaintiff's motion for review.

*By the Court.*—Judgment affirmed.