**NATIONAL LEAD COMPANY,**
Appellant,

v.

**KANAWHA BLOCK COMPANY,**
Appellee.

**No. 12980.**

United States Court of Appeals
Fourth Circuit.

Argued April 9, 1969.

Decided April 29, 1969.

James K. Brown, Charleston, W. Va. (David D. Johnson, and Jackson, Kelly, Holt & O'Farrell, Charleston, W. Va., on brief) for appellant.

E. Glenn Robinson, Charleston, W. Va. (Ernest K. James, and McClintic, James, Wise & Robinson, Charleston, W. Va., on brief) for appellee.

Before SOBELOFF, BOREMAN and BUTZNER, Circuit Judges.

**PER CURIAM:**

This appeal involves a controversy over an easement granted by the appellant, National Lead Company, to Kanawha Block Company as part of a real estate transaction in 1946. The easement gave Kanawha access to the 3.9 acre parcel of land which it purchased from National as a site for a concrete block factory. The 1946 deed provided that the easement was established for the exclusive benefit of the parcel of land conveyed by National and that the easement would terminate whenever a public road was built into or through the conveyed property.

A limited access public highway was built across the property in 1958. The highway afforded no access to or from the 3.9 acre parcel, but there was an access ramp to a 2.5 acre tract of land which adjoined the original parcel. The smaller piece of land had been acquired by Kanawha several years after the original transaction with National. After the highway was completed, National brought the present suit seeking an adjudication that construction of the road terminated Kanawha's easement. National also asked that Kanawha be enjoined from using the easement for access to its second parcel of land which was not included in the terms of the easement grant.

The District Court held that construction of a public highway which gave no direct access to the original parcel of land did not terminate the easement. 288 F.Supp. 357. It further held that Kanawha had no right to use the easement for access to the second parcel

of land. Weighing the equities, however, the District Court refused to grant National injunctive relief against the expanded use of the easement; the court expressly stated that its action was without prejudice to National's right to seek damages. National appealed from the judgment, and in the present circumstances we agree with the District Court's conclusions. If some future change in the use of the property now owned by Kanawha should result in a substantially increased burden on the easement over the use contemplated in the deed, National would of course be free to apply for injunctive relief at that time.

On the basis of the District Court's opinion, the judgment appealed from is

Affirmed.