[No. 6490–1–II.   Division Two.   October 15, 1984.]

WILL H. BROWN, ET AL, *Respondents,* v. FRED R. VOSS, ET AL, *Appellants.*

*Herbert H. Fuller,* for appellants.

*Paul L. Stritmatter,* for respondents.

REED, J.—Defendants, Fred and Hattie Voss, owners of the servient estate, appeal from a judgment that denied their counterclaim for an injunction against Will and Jean Brown, plaintiffs, owners of the dominant estate. Defendants requested the injunction to prevent plaintiffs from using an easement appurtenant to gain access to a non-dominant estate adjacent to the dominant estate. We reverse and remand for entry of an injunction.

On April 1, 1977, plaintiffs purchased land (parcel B) from the Christensens. Parcel B is adjacent to and north of land (parcel A) owned by defendants. Access to parcel B is from the south, by means of a road that crosses several parcels, including parcel A. The roadway easement across parcel A arose by express grant to the Christensens to provide access to parcel B, and is appurtenant to said parcel. On July 31, 1977, the Browns purchased from the Rylanders the contiguous tract (parcel C) north of parcel B. Parcel C was not a dominant estate with respect to the easement across parcel A. The Browns plan to build a residence that would straddle the property line between parcels B and C.

The Browns began clearing parcels B and C in November 1977, performing during the following spring and summer most of the preparation of the land for construction. To the existing easement road the Browns connected the new road that they had built across parcels B and C. After traversing parcel B, the new road crosses the line between parcels B and C, and then loops back onto parcel B. See sketch. The Browns have used the road in connection with their construction activities. The record indicates that in February and March of 1978, the Vosses erected a chain link fence along the side of the easement road. The parties have stip-

Parcel C (Non-dominant tenement)

Parcel B (Dominant tenement)

Road

Parcel A (Servient tenement)

Easement

Property of others (Servient tenements)

N

S.R. 101    Hood Canal

ulated that the fence was located upon the 16–foot–wide easement. Sometime in 1978, the Vosses placed obstructions on the easement road.

In March 1979, the Browns sought damages and to enjoin the Vosses from interfering with their use of the easement. The Vosses counterclaimed, seeking damages for trespass and an injunction to stop the Browns from using the easement road to gain access to parcel C. Before trial, the parties agreed to relocate the easement. The trial court's order reflected this agreement by declaring, "[T]he plaintiffs do have an easement of record which consists of a strip of land 16 feet in width, immediately west of the permanent chain–link fence erected by the defendants for ingress to and egress from the property of plaintiffs." The parties also agreed to settle their claims, except for the Vosses' request for an injunction. The trial court denied the injunction requested and, despite the unambiguous language by which the easement had been granted, ruled as follows:

> The plaintiffs [*sic*] easement of record for private road purposes, across a strip of land 16 feet in width immediately west of the permanent chain link fence erected by the defendants for ingress to and egress from parcel B may be used for ingress to and egress from parcel C as long as plaintiffs [*sic*] properties (B and C) are developed and used solely for the purpose of a single family residence.

The practical effect of this determination was to rewrite the easement. After the trial court denied their request, the Vosses appealed.

A court should construe and enforce an express easement in accordance with the intention of the parties to the grant. *Zobrist v. Culp,* 95 Wn.2d 556, 560, 627 P.2d 1308 (1981). The easement granted to Christensens, the previous owners of parcel B, is appurtenant to parcel B, but not to parcel C. An easement appurtenant may not be used for the benefit of nondominant property. *Kanefsky v. Dratch Constr. Co.,* 376 Pa. 188, 101 A.2d 923, 926 (1954); W. Burby, *Real Property* § 32 (3d ed. 1965). By using the

easement appurtenant to parcel B to transport construction materials and equipment onto parcel C, a nondominant estate, the Browns have overburdened, and thus misused, their easement. *See Selvia v. Reitmeyer,* 156 Ind. App. 203, 295 N.E.2d 869, 874 (1973); *College Inns of Am. v. Cully,* 254 Or. 375, 460 P.2d 360, 361 (1969); 2 G. Thompson, *Real Property* § 322, at 63 n.2 (1980). Similarly, the Browns will overburden the easement if they use the road as they desire for access to a residence that straddles the property line between parcels B and C. *See Penn Bowling Rec. Ctr., Inc. v. Hot Shoppes, Inc.,* 179 F.2d 64, 65–66 (D.C. Cir. 1949); *Wetmore v. Ladies of Loretto, Wheaton,* 73 Ill. App. 2d 454, 220 N.E.2d 491, 496 (1966); *McCullough v. Broad Exch. Co.,* 101 A.D. 566, 92 N.Y.S. 533, 536–37 (1905).

Having determined that the Browns have misused the easement and that use of the easement for access to the Browns' planned residence would be a further misuse, the remaining issue is whether the trial court erred in refusing to grant the Vosses' request for injunctive relief.

■■ Injunctive relief is granted or withheld at the discretion of the trial court. *Washington Fed'n of State Employees v. State,* 99 Wn.2d 878, 887, 665 P.2d 1337 (1983). The trial court's decision exercising that discretion will be upheld unless it is based upon untenable grounds, or is manifestly unreasonable, or is arbitrary. *Washington Fed'n of State Employees v. State,* 99 Wn.2d at 887. In deciding whether to grant or deny a request for a permanent injunction, a trial court must make a comparative appraisal of all of the factors in the case, including the following:

> The character of the interest to be protected, the relative adequacy to the plaintiff of injunction and of other available remedies such as damages; plaintiff's delay in bringing suit, plaintiff's misconduct, if any; the relative hardship likely to result to defendant if the injunction is granted and to plaintiff if it is denied; the interest of third parties and of the public, and the practicability of framing and enforcing the order or judgment.

*Seattle v. Nazarenus,* 60 Wn.2d 657, 669, 374 P.2d 1014 (1962). *See Lenhoff v. Birch Bay Real Estate, Inc.,* 22 Wn. App. 70, 75, 587 P.2d 1087 (1978); Restatement (Second) of Torts § 936 (1979).

In the present case, the character of the interest to be protected is a real property interest, the Vosses' property rights in parcel A other than those that are limited by the express easement appurtenant to parcel B. *See 2 American Law of Property* §§ 8.4, 8.7 (A. Casner ed. 1952). The protection of such a property interest is a traditional and well accepted reason for a court to grant injunctive relief. *See* Restatement (Second) of Torts § 937, comment *a* (1979); W. Burby, *Real Property* § 32 (3d ed. 1965).

The misuse of the easement is a trespass to real property. *Raven Red Ash Coal Co. v. Ball,* 185 Va. 534, 39 S.E.2d 231, 233, 167 A.L.R. 785 (1946). Where a continuing condition, such as the Browns' planned location for their residence, would result in frequent trespasses, an award of damages is not a sufficient remedy. Injunctive relief is far superior to a remedy at law under these circumstances. *See* Restatement (Second) of Torts § 938, comment *b* (1979); Restatement (Second) of Torts § 944 (1979).

The trial judge did not find, and the record does not show, that the Vosses delayed unreasonably in seeking injunctive relief from the Browns' trespasses. Although in 1977 and 1978, the Browns had cleared and prepared their land for construction of a residence, the actual construction of the home on the line between parcels B and C did not begin until March 30, 1979. The Vosses sought injunctive relief when they filed their counterclaim on April 16, 1979. Moreover, there is evidence in the record that in 1978 the Vosses engaged in various forms of self–help to protect their property rights from the Browns' trespasses. Under these circumstances, we hold that the Vosses did not unreasonably delay in bringing their suit against the Browns. *See* Restatement (Second) of Torts § 939, comment *b* (1979).

The Browns allege that the Vosses have engaged in

related misconduct by seeking injunctive relief by way of a counterclaim. At trial, Mr. Voss testified that the Vosses had raised their claim against the Browns as leverage to help settle the Browns' lawsuit, and to protect the Vosses' property rights from the Browns' trespasses. We find in these facts no misconduct by the Vosses that is related to their suit. *See* Restatement (Second) of Torts § 940 (1979).

The trial court determined that the Browns' planned use of the easement was reasonable, and that the Vosses would suffer no appreciable hardship or damages if the court denied their request for an injunction. This rationale fails to recognize that an injury to the Vosses' property rights occurs when the easement is burdened by use for access to and egress from parcel C. Although the damages may be difficult to measure in dollars, the fact of damage to their property rights entitles the Vosses to some remedy and, as stated previously, an injunction is a far superior remedy than an award of damages under the facts of this case. Enjoining the Browns' use of the easement to construct and gain access to a residence straddling the property line between parcels B and C will merely require that the construction of the Browns' residence, including both the placement of the home and the construction–related activities, occur solely on parcel B, unless the Browns acquire access to parcel C by means other than misuse of the easement across parcel A. These alternative means might include an action under RCW 8.24.010 to acquire a private way of necessity across parcel A.

The Browns knew, or should have known from the public records, that the easement appurtenant to parcel B did not provide access to parcel C. *See Seattle v. Nazarenus,* 60 Wn.2d at 670. They purchased their property and prepared for construction of their residence without acquiring adequate access to parcel C. The Browns are responsible for the hardship that they complain they will suffer if they are enjoined from using the easement road to benefit parcel C. Under these circumstances, the hardship of which the Browns complain is entitled to significantly less weight

when balancing the equities of granting or denying the Vosses' injunction request. *See also* Restatement (Second) of Torts § 941, comment *b* (1979). As stated in *Bach v. Sarich,* 74 Wn.2d 575, 582, 445 P.2d 648 (1968):

> The benefit of the doctrine of balancing the equities, or relative hardship, is reserved for the innocent defendant who proceeds without knowledge or warning that his structure encroaches upon another's property or property rights. *City of Dunsmuir v. Silva,* 154 Cal. App. 2d 825, 317 P.2d 653 (1957); *Winthers v. Bertrand,* 239 Ore. 97, 396 P.2d 570 (1964).

The Browns' access to parcel B is by easements across the land of several property owners, including the Vosses. Although the trial court found that the other property owners (not parties) had not objected to the Browns' misuse of the easement road, the other owners' legal rights likely would be protected by granting the injunction the Vosses requested. We find this to be a factor weighing in favor of granting the injunction. *See* Restatement (Second) of Torts § 942 (1979).

The trial court determined that framing and enforcing an injunction to bar the Browns' misuse of the easement would be impractical. However, the court determined that it had jurisdiction over the parties and the real property involved in this case. We find no impracticability in drafting an injunction, in accordance with the requirements of CR 65(d), to prohibit the Browns' misuse of the easement. *See* Restatement (Second) of Torts § 943, comment *b* (1979). Although detecting violations of the injunction might be difficult if the Browns construct their residence to straddle the property line between parcels B and C, enforcing the injunction under those circumstances could be accomplished by suspending the easement. *See Penn Bowling Rec. Ctr., Inc. v. Hot Shoppes, Inc.,* 179 F.2d at 66–67; Restatement (Second) of Torts § 943, comment *f* (1979). The trial court's equitable powers are sufficient to enforce an injunction under the circumstances of this case.

In sum, we hold that, in denying the Vosses' request for

an injunction, the trial court's decision was based upon untenable grounds. We reverse and remand for entry of an order enjoining the use of the easement across parcel A to gain access to a residence any part of which is located on parcel C, or to further the construction of any residence on parcels B or C if the construction activities would require entry onto parcel C. *Washington Fed'n of State Employees v. State,* 99 Wn.2d at 887.

PETRICH, C.J., and PETRIE, J., concur.

Reconsideration denied December 4, 1984.

Review granted by Supreme Court February 1, 1985.