[No. 51283–3.   En Banc.   March 6, 1986.]

WILL H. BROWN, ET AL, *Petitioners,* v. FRED R. VOSS, ET AL, *Respondents.*

*Paul L. Stritmatter* (of *Stritmatter, Kessler & McCau-ley*), for petitioners.

*Fuller & Fuller,* by *Herbert H. Fuller, Jay S. Fuller,* and

*Nina Fuller,* for respondents.

BRACHTENBACH, J.—The question posed is to what extent, if any, the holder of a private road easement can traverse the servient estate to reach not only the original dominant estate, but a subsequently acquired parcel when those two combined parcels are used in such a way that there is no increase in the burden on the servient estate. The trial court denied the injunction sought by the owners of the servient estate. The Court of Appeals reversed. *Brown v. Voss,* 38 Wn. App. 777, 689 P.2d 1111 (1984). We

reverse the Court of Appeals and reinstate the judgment of the trial court.

A portion of an exhibit depicts the involved parcels.

In 1952 the predecessors in title of parcel A granted to the predecessor owners of parcel B a private road easement across parcel A for "ingress to and egress from" parcel B. Defendants acquired parcel A in 1973. Plaintiffs bought parcel B on April 1, 1977, and parcel C on July 31, 1977, but from two different owners. Apparently the previous owners of parcel C were not parties to the easement grant.

When plaintiffs acquired parcel B a single family dwelling was situated thereon. They intended to remove that residence and replace it with a single family dwelling which would straddle the boundary line common to parcels B and C.

Plaintiffs began clearing both parcels B and C and moving fill materials in November 1977. Defendants first sought to bar plaintiff's use of the easement in April 1979 by which time plaintiffs had spent more than $11,000 in developing their property for the building.

Defendants placed logs, a concrete sump and a chain link fence within the easement. Plaintiffs sued for removal of the obstructions, an injunction against defendant's interference with their use of the easement and damages. Defendants counterclaimed for damages and an injunction against plaintiffs using the easement other than for parcel B.

The trial court awarded each party $1 in damages. The award against the plaintiffs was for a slight inadvertent trespass outside the easement.

The trial court made the following findings of fact:

### VI

The plaintiffs have made no unreasonable use of the easement in the development of their property. There have been no complaints of unreasonable use of the roadway to the south of the properties of the parties by other neighbors who grant easements to the parties to this action to cross their properties to gain access to the property of the plaintiffs. Other than the trespass there

is no evidence of any damage to the defendants as a result of the use of the easement by the plaintiffs. There has been no increase in volume of travel on the easement to reach a single family dwelling whether built on tract B or on Tacts [*sic*] B and C. There is no evidence of any increase in the burden on the subservient estate from the use of the easement by the plaintiffs for access to parcel C.

## VIII

If an injunction were granted to bar plaintiffs access to tract C across the easement to a single family residence, Parcel C would become landlocked; plaintiffs would not be able to make use of their property; they would not be able to build their single family residence in a manner to properly enjoy the view of the Hood Canal and the surrounding area as originally anticipated at the time of their purchase and even if the single family residence were constructed on parcel B, if the injunction were granted, plaintiffs would not be able to use the balance of their property in parcel C as a yard or for any other use of their property in conjunction with their home. Conversely, there is and will be no appreciable hardship or damage to the defendants if the injunction is denied.

## IX

If an injunction were to be granted to bar the plaintiffs access to tract C, the framing and enforcing of such an order would be impractical. Any violation of the order would result in the parties back in court at great cost but with little or no damages being involved.

## X

Plaintiffs have acted reasonably in the development of their property. Their trespass over a "little" corner of the defendants' property was inadvertent, and *de minimis*. The fact that the defendants counter claim seeking an injunction to bar plaintiffs access to parcel C was filed as leverage against the original plaintiffs' claim for an interruption of their easement rights, may be considered in determining whether equitable relief by way of an injunction should be granted.

Relying upon these findings of fact, the court denied defendant's request for an injunction and granted the plaintiffs the right to use the easement for access to parcels B and C "as long as plaintiffs [*sic*] properties (B and C) are

developed and used solely for the purpose of a single family residence." Clerk's Papers, at 10.

The Court of Appeals reversed, holding:

In sum, we hold that, in denying the Vosses' request for an injunction, the trial court's decision was based upon untenable grounds. We reverse and remand for entry of an order enjoining the use of the easement across parcel A to gain access to a residence any part of which is located on parcel C, or to further the construction of any residence on parcels B or C if the construction activities would require entry onto parcel C. *Washington Fed'n of State Employees v. State,* [99 Wn.2d 878, 887, 665 P.2d 1337 (1983)].

*Brown v. Voss, supra* at 784–85.

The easement in this case was created by express grant. Accordingly, the extent of the right acquired is to be determined from the terms of the grant properly construed to give effect to the intention of the parties. *See Zobrist v. Culp,* 95 Wn.2d 556, 561, 627 P.2d 1308 (1981); *Seattle v. Nazarenus,* 60 Wn.2d 657, 665, 374 P.2d 1014 (1962). By the express terms of the 1952 grant, the predecessor owners of parcel B acquired a private road easement across parcel A and the right to use the easement for ingress to and egress from parcel B. Both plaintiffs and defendants agree that the 1952 grant created an easement appurtenant to parcel B as the dominant estate. Thus, plaintiffs, as owners of the dominant estate, acquired rights in the use of the easement for ingress to and egress from parcel B.

However, plaintiffs have no such easement rights in connection with their ownership of parcel C, which was not a part of the original dominant estate under the terms of the 1952 grant. As a general rule, an easement appurtenant to one parcel of land may not be extended by the owner of the dominant estate to other parcels owned by him, whether adjoining or distinct tracts, to which the easement is not appurtenant. *E.g., Heritage Standard Bank & Trust Co. v. Trustees of Schs.,* 84 Ill. App. 3d 653, 405 N.E.2d 1196 (1980); *Kanefsky v. Dratch Constr. Co.,* 376 Pa. 188, 101 A.2d 923 (1954); *S.S. Kresge Co. v. Winkelman Realty*

*Co.*, 260 Wis. 372, 50 N.W.2d 920 (1952); 28 C.J.S. *Easements* § 92, at 772–73 (1941).

Plaintiffs, nonetheless, contend that extension of the use of the easement for the benefit of nondominant property does not constitute a misuse of the easement, where as here, there is no evidence of an increase in the burden on the servient estate. We do not agree. If an easement is appurtenant to a particular parcel of land, any extension thereof to other parcels is a misuse of the easement. *Wetmore v. Ladies of Loretto, Wheaton*, 73 Ill. App. 2d 454, 220 N.E.2d 491 (1966). *See also, e.g., Robertson v. Robertson*, 214 Va. 76, 197 S.E.2d 183 (1973); *Penn Bowling Rec. Ctr., Inc. v. Hot Shoppes, Inc.*, 179 F.2d 64 (D.C. Cir. 1949). As noted by one court in a factually similar case, "[I]n this context this classic rule of property law is directed to the rights of the respective parties rather than the actual burden on the servitude." *National Lead Co. v. Kanawha Block Co.*, 288 F. Supp. 357, 364 (S.D. W. Va. 1968), *aff'd*, 409 F.2d 1309 (4th Cir. 1969). Under the express language of the 1952 grant, plaintiffs only have rights in the use of the easement for the benefit of parcel B. Although, as plaintiffs contend, their planned use of the easement to gain access to a single family residence located partially on parcel B and partially on parcel C is perhaps no more than technical misuse of the easement, we conclude that it is misuse nonetheless.

■■ However, it does not follow from this conclusion alone that defendants are entitled to injunctive relief. Since the awards of $1 in damages were not appealed, only the denial of an injunction to defendants is in issue. Some fundamental principles applicable to a request for an injunction must be considered. (1) The proceeding is equitable and addressed to the sound discretion of the trial court. (2) The trial court is vested with a broad discretionary power to shape and fashion injunctive relief to fit the *particular facts, circumstances, and equities of the case before it.* Appellate courts give great weight to the trial court's exercise of that discretion. (3) One of the essential criteria for

injunctive relief is actual and substantial injury sustained by the person seeking the injunction. *Washington Fed'n of State Employees, Coun. 28 v. State,* 99 Wn.2d 878, 665 P.2d 1337 (1983); *Port of Seattle v. International Longshoremen's Union,* 52 Wn.2d 317, 324 P.2d 1099 (1958).

The trial court found as facts, upon substantial evidence, that plaintiffs have acted reasonably in the development of their property, that there is and was no damage to the defendants from plaintiffs' use of the easement, that there was no increase in the volume of travel on the easement, that there was no increase in the burden on the servient estate, that defendants sat by for more than a year while plaintiffs expended more than $11,000 on their project, and that defendants' counterclaim was an effort to gain "leverage" against plaintiffs' claim. In addition, the court found from the evidence that plaintiffs would suffer considerable hardship if the injunction were granted whereas no appreciable hardship or damages would flow to defendants from its denial. Finally, the court limited plaintiffs' use of the combined parcels solely to the same purpose for which the original parcel was used—*i.e.,* for a single family residence.

Neither this court nor the Court of Appeals may substitute its effort to make findings of fact for those supported findings of the trial court. *State v. Marchand,* 62 Wn.2d 767, 770, 384 P.2d 865 (1963); *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 575, 343 P.2d 183 (1959). Therefore, the only valid issue is whether, under these established facts, as a matter of law, the trial court abused its discretion in denying defendants' request for injunctive relief. Based upon the equities of the case, as found by the trial court, we are persuaded that the trial court acted within its discretion. The Court of Appeals is reversed and the trial court is affirmed.

DOLLIVER, C.J., and UTTER, PEARSON, ANDERSEN, CALLOW, and DURHAM, JJ., concur.

DORE, J. (dissenting)—The majority correctly finds that

an extension of this easement to nondominant property is a misuse of the easement. The majority, nonetheless, holds that the owners of the servient estate are not entitled to injunctive relief. I dissent.

The comments and illustrations found in the Restatement of Property § 478 (1944) address the precise issue before this court. Comment *e* provides in pertinent part that "if one who has an easement of way over Whiteacre appurtenant to Blackacre uses the way with the purpose of going to Greenacre, the use is improper even though he eventually goes to Blackacre rather than to Greenacre." Illustration 6 provides:

> 6. By prescription, A has acquired, as the owner and possessor of Blackacre, an easement of way over an alley leading from Blackacre to the street. He buys Whiteacre, an adjacent lot, to which the way is not appurtenant, and builds a public garage one–fourth of which is located on Blackacre and three–fourths of which is located on Whiteacre. A wishes to use the alley as a means of ingress and egress to and from the garage. He has no privilege to use the alley to go to that part of the garage which is built on Whiteacre, and he may not use the alley until that part of the garage built on Blackacre is so separated from the part built on Whiteacre that uses for the benefit of Blackacre are distinguishable from those which benefit Whiteacre.

The majority grants the privilege to extend the agreement to nondominant property on the basis that the trial court found no appreciable hardship or damage to the servient owners. However, as conceded by the majority, any extension of the use of an easement to benefit a nondominant estate constitutes a misuse of the easement. Misuse of an easement is a trespass. *Raven Red Ash Coal Co. v. Ball,* 185 Va. 534, 39 S.E.2d 231, 167 A.L.R. 785 (1946); *Selvia v. Reitmeyer,* 156 Ind. App. 203, 295 N.E.2d 869 (1973). The Browns' use of the easement to benefit parcel C, especially if they build their home as planned, would involve a continuing trespass for which damages would be difficult to measure. Injunctive relief is the appropriate remedy under

these circumstances. *Selvia,* at 212; *Gregory v. Sanders,* 635 P.2d 795, 801 (Wyo. 1981). In *Penn Bowling Rec. Ctr., Inc. v. Hot Shoppes, Inc.,* 179 F.2d 64, 66 (D.C. Cir. 1949) the court states:

It is contended by appellant that since the area of the dominant and nondominant land served by the easement is less than the original area of the dominant tenement, the use made by appellant of the right of way to serve the building located on the lesser area is not materially increased or excessive. It is true that where the nature and extent of the use of an easement is, by its terms, unrestricted, the use by the dominant tenement may be increased or enlarged. McCullough et al. v. Broad Exchange Company et al., 101 App.Div. 566, 92 N.Y.S. 533. But the owner of the dominant tenement may not subject the servient tenement to use or servitude in connection with other premises to which the easement is not appurtenant. See Williams v. James, Eng.Law.Rep. (1867), 2 C.P. 577. And when an easement is being used in such a manner, an injunction will be issued to prevent such use. Cleve et al. v. Nairin, 204 Ky. 342, 264 S.W. 741; Diocese of Trenton v. Toman et al., 74 N.J.Eq. 702, 70 A. 606; Shock v. Holt Lumber Co. et al., 107 W.Va. 259, 148 S.E. 73. Appellant, therefore, may not use the easement to serve both the dominant and nondominant property, even though the area thereof is less than the original area of the dominant tenement.

*See also Kanefsky v. Dratch Constr. Co.,* 376 Pa. 188, 101 A.2d 923 (1954). Thus, the fact that an extension of the easement to nondominant property would not increase the burden on the servient estate does not warrant a denial of injunctive relief.

The Browns are responsible for the hardship of creating a landlocked parcel. They knew or should have known from the public records that the easement was not appurtenant to parcel C. *See Seattle v. Nazarenus,* 60 Wn.2d 657, 670, 374 P.2d 1014 (1962). In encroachment cases this factor is significant. As stated by the court in *Bach v. Sarich,* 74 Wn.2d 575, 582, 445 P.2d 648 (1968): "The benefit of the doctrine of balancing the equities, or relative hardship, is reserved for the innocent defendant who proceeds without

376

knowledge or warning that his structure encroaches upon another's property or property rights."

In addition, an injunction would not interfere with the Browns' right to use the easement as expressly granted, *i.e.,* for access to parcel B. An injunction would merely require the Browns to acquire access to parcel C if they want to build a home that straddles parcels B and C. One possibility would be to condemn a private way of necessity over their existing easement in an action under RCW 8.24.010. *See Brown v. McAnally,* 97 Wn.2d 360, 644 P.2d 1153 (1982).

I would affirm the Court of Appeals decision as a correct application of the law of easements. If the Browns desire access to their landlocked parcel they have the benefit of the statutory procedure for condemnation of a private way of necessity.

GOODLOE, J., concurs with DORE, J.