217 P.3d 787 (2009)
Ronald E. SNYDER and Anadee D. Snyder, husband and wife, and Edgar E. Snyder and B. Louise Snyder, husband and wife, Respondents,
v.
Jack D. HAYNES and Vernal Haynes, husband and wife, and Richard Woodbury and Darleta Woodbury, husband and wife, Appellants.
No. 27485-3-III.
Court of Appeals of Washington, Division 3.
October 15, 2009.
*789 Chris A. Montgomery, Montgomery Law Firm, Colville, WA, for Respondents.
David E. McGrane, Attorney at Law, Colville, WA, for Appellants.
BROWN, J.
¶ 1 Jack and Vernal Haynes and the Haynes' daughter and son-in-law, Richard and Darleta Woodbury appeal the trial court's order enjoining their use of an easement road on the lands of Ronald and Anadee Snyder and Ronald's brother and sister-in-law, Edward Snyder and B. Louise Snyder. The Hayneses and Woodburys mainly contend the trial court erred in not recognizing that unstated appurtenant road easement rights were transferred to the Hayneses by the Woodburys' predecessors by means of a boundary line adjustment and quitclaim deed because the Woodburys' larger parcel enjoyed an appurtenant road easement. Additionally, they contend the court erred in limiting the Woodburys' use of their road easement, not complying with CR 65(d) requirements, and allowing certain evidence. We affirm, but remand for the trial court to conform its injunction language to CR 65(d) requirements for specifying the persons bound by the injunction.

FACTS
¶ 2 In 1982, a group of landowners created a 60-foot wide mutual easement for ingress, egress and utilities over an existing road that serviced all properties. The parties agree that the rights transferred are appurtenant to the lands described in the mutual easement agreement.
¶ 3 The Snyders and Woodburys are successors to the original easement agreement and own property through which the easement road passes. The Haynes owned their property when the easement was executed, but were not parties to the 1982 agreement since the easement does not run through the Hayneses' property. They access their property directly off Highway 395. The Woodburys' sole legal access is via the easement road. But, they primarily use the Hayneses' property, with permission, for ingress and egress.
¶ 4 In 1999, the Hayneses discovered a portion of their residence and improvements were on property now owned by the Woodburys. To remedy the problem, the Hayneses' son, who then owned the Woodburys' parcel, agreed to adjust the boundary lines and transfer the encroached property, referred to as Parcel D, to the Hayneses by quitclaim deed and boundary line adjustment. The Hayneses already own Parcels A, B, and C. Parcel D was carved out from a parcel of land that was benefitted by the mutual easement agreement. The Hayneses assert they have a right to use the easement road through their acquisition of Parcel D.
¶ 5 In 2004, Edward Snyder became concerned about use of the easement road by all-terrain and off-road vehicles. Conflicts occurred between the Snyders, Hayneses, and Woodburys over the Hayneses' and Woodburys' use of the easement road.
¶ 6 In 2007, the Snyders sued for declaratory and injunctive relief to prevent trespass. They alleged the Hayneses did not have a right to legal access of the easement road and that the Woodburys' use of the road should exclude ATVs and ORVs. The court agreed, entering findings of fact and conclusions of law. The court completely restricted the Hayneses' use of the easement road and enjoined the Woodburys' use of ORVs, ATVs, and other unlicensed vehicles on the road. The Hayneses and Woodburys appealed.

ANALYSIS

A. Easement
¶ 7 The issue is whether, considering the Hayneses' acquisition of Parcel D, the trial court erred in concluding they did not possess an appurtenant road easement.
*790 ¶ 8 We determine whether the trial court's findings are supported by substantial evidence in the record, and, if so, whether those findings support the conclusions of law. Scott v. Trans-Sys., Inc., 148 Wash.2d 701, 707-08, 64 P.3d 1 (2003). Substantial evidence is evidence that is sufficient to persuade a fair-minded person of the truth of the asserted premise. Pilcher v. Dep't of Rev., 112 Wash.App. 428, 435, 49 P.3d 947 (2002). Substantial evidence may support a finding of fact even if the reviewing court could interpret the evidence differently. Sunnyside Valley Irrig. Dist. v. Dickie, 149 Wash.2d 873, 880, 73 P.3d 369 (2003). We defer to the trial court's determinations on the persuasiveness of the evidence, witness credibility, and conflicting testimony. State v. Ainslie, 103 Wash.App. 1, 6, 11 P.3d 318 (2000).
¶ 9 Courts interpret easement grants to give effect to the parties' original intent. Brown v. Voss, 105 Wash.2d 366, 371, 715 P.2d 514 (1986). Unless limited by the terms of the creation or transfer, appurtenant easements follow the ownership of the dominant estate. Green v. Lupo, 32 Wash. App. 318, 323, 647 P.2d 51 (1982).
¶ 10 The Hayneses, as owners of Parcels A, B, and C, were not parties to the 1982 mutual easement agreement, nor were their parcels benefitted by the agreement. They have legal access to Parcels A, B, and C via Highway 395. When the Hayneses discovered the encroachment onto their son's property (formerly owned by parties to the mutual easement agreement), the Hayneses and their son opted to obtain a boundary line adjustment. The quitclaim deed evidencing the transfer was silent as to any appurtenant easement. The process merely transformed the Hayneses' de facto property status into a de jure status. Practically speaking, nothing changed the situation presented in 1982 when the mutual easement was created.
¶ 11 The process separated Parcel D from the dominant estate (i.e., their son's property) and incorporated Parcel D into the Hayneses' existing property, maintaining the de facto situation. The circumstances at the time of the 1982 mutual easement omitting the Hayneses from the agreement evidence the intent that the Hayneses' property would not benefit from the easement. Because the Hayneses have access to Highway 395 for ingress and egress, the property is not landlocked. The Hayneses' property did not border on the lands affected by the mutual easement or require the benefit of it. Thus, substantial evidence supports the trial court's key findings.
¶ 12 Moreover, the Hayneses misused the easement. In Brown, owners of a dominant tenement brought an action against owners of a servient tenement to prevent them from barring access to the dominant tenement's road easement. The court noted, "As a general rule, an easement appurtenant to one parcel of land may not be extended by the owner of the dominant estate to other parcels owned by him, whether adjoining or distinct tracts, to which the easement is not appurtenant." Brown, 105 Wash.2d at 371, 715 P.2d 514 (citing 28 C.J.S. EASEMENTS § 92, at 772-72 (1941)). The court went on to hold, "If an easement is appurtenant to a particular parcel of land, any extension thereof to other parcels is a misuse of the easement." Brown, 105 Wash.2d at 372, 715 P.2d 514. Brown is not materially distinguishable from our case. Both cases involve dominant and servient property with an easement road benefitting one of the parcels. Accordingly, under Brown, the Hayneses' misused the easement.
¶ 13 All considered, substantial evidence supports the court's findings and the findings support the court's conclusion that the Hayneses are not intended users of the mutual easement road. The court did not err in rejecting their easement claims.

B. Non-Conforming Uses
¶ 14 The issue is whether the trial court erred in enjoining the Woodburys' use of the easement road by ATVs, ORVs, and unlicensed vehicles.
¶ 15 We review a trial court's decision to grant an injunction and the terms contained in the injunction for abuse of discretion. Kucera v. Dep't of Transp., 140 Wash.2d 200, 209, 995 P.2d 63 (2000). Trial courts have broad discretionary power to *791 fashion injunctive relief to fit the particular circumstances of the case before it. Rupert v. Gunter, 31 Wash.App. 27, 30, 640 P.2d 36 (1982). A trial court abuses its discretion only when its decision is manifestly unreasonable or based on untenable grounds or reasons. State ex rel. Carroll v. Junker, 79 Wash.2d 12, 26, 482 P.2d 775 (1971).
¶ 16 Edward Snyder testified regarding non-ingress-and-egress use of all-terrain and off-road vehicles causing dust and flying gravel on the easement road. He observed children driving the vehicles coming from the Woodburys' property and saw evidence that the vehicles went onto a third-party's property through a broken fence. Mrs. Woodbury testified they own two ATVs, which their children and their cousin ride. Mr. Snyder testified that incidents occurred where Mr. Woodbury drove a backhoe on the property, leaving deep indents in the road, making the road difficult to travel on by automobiles. The Woodburys and Hayneses contend these incidents were rare and did not justify an injunction limiting their use. But, we defer to the court's determinations on evidence persuasiveness and conflicting testimony. Ainslie, 103 Wash.App. at 6, 11 P.3d 318.
¶ 17 Notably, the mutual easement was created for ingress and egress. Since ATVs, ORVs, and other unlicensed vehicles cannot legally travel beyond the easement road onto a public road, these types of vehicles were not contemplated by the parties to the 1982 agreement. The trial court found the ATV and ORV use was nonconforming recreational touring. While increased use of an easement by a dominant estate holder is acceptable, a changed use by a dominant estate holder is unacceptable. Lowe v. Double LProps., Inc., 105 Wash.App. 888, 894, 20 P.3d 500 (2001).
¶ 18 Accordingly, the trial court did not err because it had tenable grounds to conclude that this use overburdened the easement and properly enjoined such use.

C. CR 65(d) Requirements
¶ 19 The issue is whether, considering the specificity requirements of CR 65(d), the trial court erred in shaping its injunction.
¶ 20 CR 65(d) provides:
Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.
¶ 21 Here, the injunction states that it applies to the Hayneses and Woodburys and their "heirs, successors, invitees, and assigns." Because heirs, successors, invitees, and assignees are not the Hayneses' and Woodburys' officers, agents, servants, employees, or attorneys; nor are they persons in active concert with them who received actual notice of the injunction by personal service, this portion of the injunction should be revised to conform with the letter and spirit of CR 65(d). Remand is proper for this purpose. The remainder of the injunction complies with CR 65(d).
¶ 22 The injunction by its terms adequately notified the parties of the subject and the acts they are enjoined from engaging in on the easement road. The court referred to documents describing the roadway and findings of fact that describe the property. While CR 65(d) prohibits reference to outside documents that are used to describe the act or acts to be restrained, these outside documents describe property interests, not acts. An injunction need not describe every conceivable action or possibility to meet the requirements for specificity. "Reasonable detail" is sufficient. CR 65(d).

D. Admission of Evidence
¶ 23 The issue is whether the trial court abused its discretion in allowing testimony regarding the Woodburys' children's alleged trespass on a third-party's property. The Hayneses and Woodburys contend this evidence is irrelevant.
*792 ¶ 24 During trial, both Edward and Ronald Snyder testified they saw the Woodburys' children riding their ATVs over a downed fence onto a third-party's property. Opposing counsel unsuccessfully objected to this testimony. The court found the testimony was relevant to the use of ATV/ORVs in the area, a tenable reason and thus, proper.
¶ 25 Trial courts possess broad discretion in deciding to admit testimony. Philippides v. Bernard, 151 Wash.2d 376, 393, 88 P.3d 939 (2004). A trial court abuses its discretion only when its decision is manifestly unreasonable or based on untenable grounds or reasons. Junker, 79 Wash.2d at 26, 482 P.2d 775. Under ER 401, evidence is relevant if it has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."
¶ 26 Whether the ATV/ORV use was not within the contemplation of the mutual easement agreement and should be enjoined was a material fact issue, and thus, relevant. In sum, the trial court did not err in allowing the challenged evidence.

E. Attorney Fees
¶ 27 The Snyders request attorney fees and costs on appeal based on RCW 4.84.080(2). This statute states, "When allowed to either party, costs to be called the attorney fee, shall be as follows: ... (2) In all actions where judgment is rendered in the supreme court or the court of appeals, after argument, two hundred dollars." RCW 4.84.080(2) (emphasis added). The Snyders fail to provide a contractual or statutory basis allowing attorney fees. See State ex rel. Munroe v. City of Poulsbo, 109 Wash.App. 672, 682, 37 P.3d 319 (2002) (attorney fee request denied because requesting party, "[provided] little support for their attorney fee request other than citing RCW 4.84.080"). Thus, we decline to award fees. But, as substantially prevailing parties under RAP 14.2 and RAP 14.3, they are entitled to costs.
¶ 28 The Hayneses and Woodburys also request attorney fees, but they did not prevail here. Moreover, they made their request in their reply brief. A party requesting attorney fees "must devote a section of its opening brief to the request." RAP 18.1(b). Accordingly, their attorney fee request is denied.
¶ 29 Affirmed, but remanded for action consistent with this opinion.
WE CONCUR: KULIK, A.C.J., and KORSMO, J.