IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| ALEXANDRIA ALETHEA TSUKANOVA, | No. 85464-0-I |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| EDWARD K. SMITH, | |
| Respondent. | |

BOWMAN, A.C.J. — Alexandria Tsukanova appeals the superior court's refusal to issue an order protecting her from Edward Smith. Because the court did not abuse its discretion, we affirm.

FACTS

Tsukanova and Smith met in 2017. According to Tsukanova, the two "went on a few dates," but she "ultimately turned down a longer relationship with him." Tsukanova suffers from PTSD[1] and claimed that Smith sent her "to a hospital in retaliation for the fact that [she] didn't want to move in with him."

On February 27, 2023, Tsukanova petitioned for an antiharassment protection order (AHPO) restraining Smith from harming or contacting her, coming within 1,000 feet of her, and engaging in any stalking behavior. In her petition, Tsukanova alleged Smith was stalking and harassing her. She said Smith raped her once in August 2017 and several times in March 2022 at an

_____

[1] Post-traumatic stress disorder.

Airbnb in Newcastle. Tsukanova attached Airbnb records, flight records,[2] and text messages to her petition. The court issued a temporary ex parte AHPO granting Tsukanova's requests and set a full hearing for March 13, 2023. The court then twice continued the hearing, each time reissuing the temporary AHPO.

The court held the AHPO hearing on May 15, 2023. At the hearing, Tsukanova testified that Smith visited her in March 2022. She said that during the visit, the two had consensual sex. But she also testified that her PTSD was symptomatic then and that Smith exploited her state of mind, raping her several times. In response, Smith's counsel pointed to Smith's declaration, in which he denied that he raped Tsukanova. Smith argued that she was using the court process as "retaliation" and in an attempt to commit "extortion."

After her testimony, Tsukanova acknowledged that the evidence may not support issuing an AHPO but argued that the court should issue a sexual assault protection order (SAPO). The court denied Tsukanova's petition. It explained that it "questioned [the] credibility of [Tsukanova's] statements after review of all evidence, testimony [and] argument of [counsel]," so "insufficient evidence" supported issuing either an AHPO or SAPO.

Tsukanova appeals.

ANALYSIS

Tsukanova argues that the court erred by refusing to issue a protection order and showed "egregious abuse of discretion" by questioning her credibility "without cause or reason." We disagree.

---

[2] Smith lives out-of-state.

We review a court's decision to deny a petition for a protection order for an abuse of discretion. *Maldonado v. Maldonado*, 197 Wn. App. 779, 789, 391 P.3d 546 (2017). A court abuses its discretion when its decision is manifestly unreasonable, based on untenable grounds or reasons, or reached by applying the wrong legal standard. *Id.*; *In Marriage of Freeman*, 169 Wn.2d 664, 671, 239 P.3d 557 (2010). We defer to the trial court's determinations on the persuasiveness of the evidence, witness credibility, and conflicting testimony. *Snyder v. Haynes*, 152 Wn. App. 774, 779, 217 P.3d 787 (2009).

To obtain an AHPO, the petitioner must show the respondent has subjected them to unlawful harassment. RCW 7.105.225(1)(f). "Unlawful harassment" means a "knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, harasses, or is detrimental to such person, and that serves no legitimate or lawful purpose." RCW 7.105.010(36)(a). "Unlawful harassment" can also mean

> a single act of violence or threat of violence at a specific person that seriously alarms, annoys, harasses, or is detrimental to such person, and that serves no legitimate or lawful purpose, which would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner.

RCW 7.105.010(36)(b).

To obtain an SAPO, the petitioner must show the respondent has subjected them to nonconsensual sexual conduct or nonconsensual sexual penetration. RCW 7.105.225(1)(b). "Nonconsensual" means "a lack of freely given consent." RCW 7.105.010(26). "Sexual conduct" means any of the

3

following:

>       (a)  Any intentional or knowing touching or fondling of the genitals, anus, or breasts, directly or indirectly, including through clothing;
>       (b)  Any intentional or knowing display of the genitals, anus, or breasts for the purposes of arousal or sexual gratification of the respondent;
>       (c)  Any intentional or knowing touching or fondling of the genitals, anus, or breasts, directly or indirectly, including through clothing, that the petitioner is forced to perform by another person or the respondent;
>       (d)  Any forced display of the petitioner's genitals, anus, or breasts for the purposes of arousal or sexual gratification of the respondent or others;
>       (e)  Any intentional or knowing touching of the clothed or unclothed body of a child under the age of 16, if done for the purpose of sexual gratification or arousal of the respondent or others; or
>       (f)  Any coerced or forced touching or fondling by a child under the age of 16, directly or indirectly, including through clothing, of the genitals, anus, or breasts of the respondent or others.

RCW 7.105.010(32).  And "sexual penetration" means

> any contact, however slight, between the sex organ or anus of one person by an object, the sex organ, mouth, or anus of another person, or any intrusion, however slight, of any part of the body of one person or of any animal or object into the sex organ or anus of another person including, but not limited to, cunnilingus, fellatio, or anal penetration.  Evidence of emission of semen is not required to prove sexual penetration.

RCW 7.105.010(33).

Under RCW 7.105.225, the court must issue a protection order if it finds by a preponderance of the evidence that the petitioner proved the required criteria for obtaining a protection order.  The court may not deny a petition for a protection order on the basis that the conduct alleged does not meet the criteria for the issuance of the order requested if the conduct would satisfy the elements of another type of order.  RCW 7.105.100(5).

4

Here, Tsukanova testified that Smith raped her several times. And while she petitioned for only an AHPO, she asked the court to issue either an AHPO or SAPO. The court considered her request to issue one of the two protection orders. But it concluded that "it did not appear . . . the petitioner's statements were fully credible in weight of the totality of the circumstances." And it refused to issue either order. It is not manifestly unreasonable for the court to refuse to issue a protection order when it finds a petitioner's allegations are not credible.

Because the court's ruling does not amount to an abuse of discretion, we affirm the court's denial of Tsukanova's petition for a protection order.

_____, ACJ

WE CONCUR:


_____, J.          _____, J.