## NEWPORT COUNTY.

—————◆—————

### William J. Brightman *vs.* Daniel A. Chapin.

</div>

A tract of land, bounded east and west by highways, was platted into house-lots and streets. A., an owner by purchase of several of these lots, brought trespass *quare clausum* against B., who had purchased one of them, for using the platted street in front of the lots of A. and B. as a means of access to a house and lot owned by B., situated on the east side of east bounding highway, and not on the plat in question.

*Held*, that A. was entitled to recover, notwithstanding B. passed over or along his lot on the plat in going to and from his house.

TRESPASS QUARE CLAUSUM FREGIT.

*Providence, October* 24, 1885. DURFEE, C. J. This is an action of trespass *quare clausum fregit.* The defendant pleads the general issue, and a special plea justifying the acts complained of as committed in the exercise of a right of way over the plaintiff's said close, said right of way being appurtenant to land belonging to the defendant and described in the special plea as lot 31 on a plat of house-lots, etc. The plaintiff replies that the acts complained of are not the acts mentioned in the special plea, but other acts not committed in the exercise of said right of way. The defendant rejoins that he is not guilty. The case is tried to the court on both law and fact, jury trial being waived. At the trial it appeared that the plaintiff's close was part of a tract of land in Tiverton, lying between two public roads, and bounding easterly on one and westerly on the other; that said tract had been platted into house-lots intersected by ways or avenues; that several of these lots, bounding northerly on North Avenue, so called, being one of said ways, had been conveyed as platted to the plaintiff; and that another of said lots, bounding northerly on said North Avenue, and easterly on one of said public roads, to wit, lot No. 31, had been sold and conveyed as platted to the defendant. The defendant claims a right of way as appurtenant to lot No. 31 along said North Avenue, and the plaintiff does not dispute the right. It also appeared that the defendant is the owner of a house and land on the east side of the public road which bounds said tract and said lot No. 31 on the east. Testimony was submitted to show that the defendant had, divers times, used North Avenue for the purpose of going from his said house and land to the public road west of said platted tract, and of returning therefrom. We think that such a use of North Avenue was proved, and that, though the defendant passed over or past lot No. 31 in going and returning, it was also proved that he did so without any purpose connected with lot No. 31, but only as a way to and from his house as aforesaid. It is this use of North Avenue which is complained of by the plaintiff; and the question is, whether the ownership of lot No. 31 justifies the defendant in such use of it, no question being raised but that the fee of North Avenue, subject to the right of way, vests in the

abuttors.  The leading case on the subject is *Howell v. King*, 1 Mod. 190, decided by the English Court of Common Pleas two centuries ago.  The case was: A. had a way over B.'s ground to Blackacre, and drove his cattle over B.'s ground to Blackacre, then to another place beyond.  The question was whether this was lawful.  It was urged for the defendant that, when his cattle were at Blackacre, he might drive them whither he would.  On the other side it was said that, if so, the defendant might purchase one hundred or one thousand acres adjoining Blackacre, to which he prescribed to have a way, and so the plaintiff would lose the benefit of his land; that a prescription presupposed a grant, and ought to be continued according to the intent of the original creation.  To this the court agreed, and gave judgment for the plaintiff.  The case states the law and the reason of the law, and it has been followed uniformly in both England and America.  *Lawton v. Ward*, 1 Ld. Raym. 75; *Skull v. Glenister*, 16 C. B. N. S. 81, 105; *Allan v. Gomme*, 11 A. & E. 759; *Davenport v. Lamson*, 21 Pick. 72; *Shroder v. Brenneman*, 23 Pa. St. 348; *French v. Marstin*, 24 N. H. 440.

*Judgment for plaintiff for ten cents damages and costs.*

*William P. Sheffield & William P. Sheffield, Jun.*, for plaintiff.

*Browne & Van Slyck*, for defendant.