**Blanche Borden FRENNING et al.**

v.

**Clarence DOW et al.**

**No. 87–120–A.**

Supreme Court of Rhode Island.

July 22, 1988.

Patrick T. Conley, John DiMeglio, Cunha, Conley & DiMeglio, Providence, Stafford Sheehan, Fall River, Mass., for plaintiffs.

Jeremiah R. Leary, Leary & Holland, Tiverton, for defendants.

OPINION

WEISBERGER, Justice.

This case comes before us on appeal by the plaintiffs from a judgment entered in the Superior Court extinguishing an easement that had been in existence since 1838 on the ground of excessive use. We vacate the judgment. The facts in the case insofar as pertinent to this appeal are as follows.

The defendants' predecessor in title (Gray) granted to plaintiffs' predecessor (Shaw) an easement to cross defendants' land "with teams loaded or not, caragies [sic] of any kind, Stock, on Horse back, or on foot, doing as little damage as may be * * * to him his heirs & assigns forever." At the time of the granting of the easement the dominant tenement consisted of 102 acres of land in the town of Little Compton. Since that time, plaintiffs' predecessor and plaintiffs have acquired contiguous parcels of land so that the total holdings of plaintiffs at the time of trial consisted of 257 acres.

The trial justice made the following additional findings of fact:

"[A] Plaintiff has used the way to service with farm equipment not just the original parcel but additional contiguous land.

"[B] The way has been used for the benefit of another house on an adjoining parcel, recently built.

"[C] Plaintiffs' guests have used the way on social occasions, and on one occasion, in 25 automobiles, they entered her property over her right of way from West

Main Road and exited over the way here in litigation.

"[D] The use of the way by the plaintiff has materially increased, and has burdened defendants' property far more heavily than the right granted.

"[E] The use of the way to service some 150 additional acres, to service the house recently built, and to [accommodate] plaintiffs' social guests constitutes an actual trespass for which money damages lie. *Brightman v. Chapin*, 15 R.I. 166 [1 A. 412].

"[F] There is no way here to sever the increased burden (and thus stop the trespass) so as to preserve the original rights and servitude, there being no practical way to monitor and police the user.

"[G] Injunctive relief to limit the use to that which was granted would be unenforceable."

As a result of these findings, the trial justice concluded that the easement had been extinguished or forfeited.

The plaintiffs argue in support of their appeal that the additional intensity of use was insufficient to justify a forfeiture or extinguishment of the easement. Generally courts have not favored extinguishing an easement unless injunctive relief would be ineffective to relieve the servient tenement. The cases in support of this proposition are legion and are set forth in an annotation in 16 A.L.R. 2d 609 (1951). The principal case upon which this annotation is based is *Penn Bowling Recreation Centers, Inc. v. Hot Shoppes, Inc.*, 179 F. 2d 64 (D.C. Cir. 1949), in which the Court of Appeals for the District of Columbia Circuit set aside a summary judgment extinguishing an easement in circumstances wherein a building had been constructed partly on the dominant parcel and partly upon contiguous land that was not entitled to be benefited by the easement. Moreover the building in question built in part upon land not entitled to the easement consisted of a large bowling alley and restaurant to which the plaintiff had brought fuel oil, food, equipment, and supplies over the right of way, and the plaintiff also used the same right of way to remove trash, garbage, and other material. The court observed:

"Misuse of an easement right is not sufficient to constitute a forfeiture, waiver, or abandonment of such right. The right to an easement is not lost by using it in an unauthorized manner or to an unauthorized extent, unless it is impossible to sever the increased burden so as to preserve to the owner of the dominant tenement that to which he is entitled, and impose upon the servient tenement only that burden which was originally imposed upon it." 179 F.2d at 66.

The court ultimately determined that there was an insufficient basis for the granting of summary judgment of extinguishment, even though it was apparent that difficulties would be encountered in supervising the use of the easement by the dominant and nondominant portion of the plaintiff's premises.

Courts have stated in this type of context that equity abhors a forfeiture. *See Parolisi v. Beach Terrace Improvement Association, Inc.*, 463 A.2d 197, 199 (R.I. 1983); *Ball v. Milliken*, 31 R.I. 36, 46, 76 A. 789, 794 (1910). *Accord National Silk Dyeing Co. v. Grobart*, 117 N.J.Eq. 156, 167, 175 A. 91, 96 (1934). However, this only begins the inquiry since in the foregoing case the court determined that it was the obligation of the owner of the dominant tenement to show that it had altered its mill building so as to limit the enjoyment of the easement to the dominant tenement alone.

We recognize that it is the well-established rule in this jurisdiction that findings of fact of a trial justice will not be disturbed on appeal unless they are clearly wrong or unless the trial justice has overlooked material evidence on a controlling issue. *See Bissonnette v. Hanton City Realty Corp.*, 529 A.2d 139, 141 (R.I. 1987); *Fournier v. Fournier*, 479 A.2d 708 (R.I. 1984). We also give great deference to the drawing of factual inferences by the trial justice as long as the inferences drawn are logical and flow from the established facts. *Pearl Brewing Co. v. McNaboe*, 495 A.2d 238 (R.I. 1985); *Tanzi v. Fiberglass Swimming Pools, Inc.*, 414 A.2d 484 (R.I. 1980).

In the case at bar we accept the trial justice's finding of fact as valid and binding; we accept his inferences, save for the ultimate conclusion that this easement must be extinguished because it is impossible to sever the increased burden from that which rightfully adheres to the dominant tenement.

During the past quarter-century, we believe, courts of equity have surmounted problems far greater than that posed by the monitoring of the use of this easement. Without belaboring the point unduly, courts of equity have redistricted legislatures throughout the land. Courts have administered correctional institutions, desegregated school systems, supervised environmental rehabilitation, and undertaken the disposition of complex litigation beyond the wildest dreams of the ancient English chancellors. We are of the opinion that the problem posed by the contiguous acreage owned by the plaintiffs is not beyond the powers of a court of equity to resolve. We may suggest, however, that in accordance with methods established in more complex litigation, it is the burden of the plaintiffs here to propose to the trial justice a plan that may be subject to monitoring by the defendants and ultimate enforcement by the court. We believe that the plaintiffs should be given this opportunity before the easement is totally extinguished.

For the reasons stated, the appeal of the plaintiffs is sustained. The judgment of extinguishment of the easement is vacated, and the papers in the case may be remanded to the Superior Court for further proceedings consistent with this opinion.