**264**

■

**Patricia HURST et al.**

v.

**FULL CHANNEL CABLE TELEVISION.**

**No. 92–449–Appeal.**

Supreme Court of Rhode Island.

Nov. 18, 1993.

Louis Pulner, Michael Mitchell, Providence.

Eileen Cooney, East Providence, William Maaia, Providence.

### ORDER

. This matter came before the Supreme Court pursuant to an order directing both parties to appear before this court and show cause why the issues raised in this appeal should not be summarily decided. In this case both appellants had appealed from a Superior Court judgment terminating an easement that had benefited the defendant's property and burdened the plaintiffs' property.

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, it is the conclusion of this court that cause has not been shown. In this case, after trial, the trial justice ruled that the increased traffic and defendant's failure to perform their duty to repair the roadway and also the conduct of the defendant's employees warranted extinguishing of the easement.

In *Frenning v. Dow*, 544 A.2d 145 (R.I. 1988) this court vacated the Superior Court judgment extinguishing an easement noting that "equity abhors a forfeiture." The court stated that it was not necessarily impossible to resolve the problem without extinguishing the easement. The court pointed out that monitoring the use of an easement would be less difficult than other problems routinely faced by courts. We are of the opinion that extinguishing of the easement in this case was a more drastic remedy then is necessary.

For these reasons this case will be remanded to the Superior Court with the directions that the judgment entered be vacated, and the parties appear before the trial justice and adopt appropriate regulations for better use of easement setting forth necessary restrictions that would be enforceable by the Court.

Therefore, the appeal of the defendant is sustained, the judgment entered is vacated and the papers of the case are remanded to the Superior Court for further proceedings. The appeal of the plaintiffs is denied and dismissed.