DECISION
This matter was tried to the Court without intervention of a jury on October 13, 1993 in Kent County. Suit was commenced by the Plaintiff, Burke-Tarr Company, on June 3, 1987 seeking a permanent injunction against the Defendant, The Ferland Corporation, from maintaining an encroachment of water lines and electric lines installed by the Defendant on the Plaintiff's property. The suit prayed for removal of the encroachments and judgment for money damages. The Defendant has counterclaimed against the Plaintiff to enjoin the Plaintiff from interfering with the continued maintenance of the water and electric lines and avers the maintenance of said utility lines to be a matter of right to the Defendant acquired by an easement by prescription.
The facts leading up to this controversy and the history of the easement over the Plaintiff's property are largely not in dispute and are as follows:
 On January 25, 1911, a deed was recorded in the land evidence records of the then Town of Warwick acknowledging a sale of the property now owned by the Defendant from one John Cassidy to the Moduc (MODUC) Club, said deed declared a right-of-way of 17.5 feet in width from the Providence Road (now Warwick Avenue) over the subject property now owned by the Plaintiff to access a cottage on property adjacent to the subject property.(Ex. 1)
 The Moduc Club operated a social club at the rear location with varying degrees of success and activity until the Moduc property was sold to the Defendant in 1967. The Club used the right-of-way for access to its property where a liquor license was maintained and open to the public The Plaintiff purchased the subject property on April 11, 1958 from one Walsh, subject to the right-of-way of record. Ms. Bessie Dickerson is the sole owner of the Plaintiff company and was co-treasurer of it at the time of purchase in 1958.
 On November 3, 1967, the receiver for the then defunct Moduc Club sold the property of 5.75 acres to the Defendant. (Ex. 2)
 On January 31, 1970, a 15 year lease was entered into between the Plaintiff and Defendant for $1000 per year for the 1st 5 years, $1200 for the next 5 years and $1400 per year for the last 5 years. Incorporated in that Agreement was the lease of an additional 7.5 feet to the existing right-of-way of 17.5 feet to total a right-of-way of 25 feet. Also included in the lease was a provision that the road would be paved. (Ex. 4) This lease greatly expanded and accepted an increase of usage of the right-of-way, greater than that use contemplated in 1911 at the time of its creation..
 The Defendant constructed an apartment complex on its land in three phases, 1969, 1980 and 1985. The complex called Four Seasons South currently consists of 191 residential apartment units.
 The right-of-way established in the 1911 deed was 17.5 feet wide and 437 feet in length. The State of Rhode Island has present title to 219 feet of the right-of-way from Warwick Avenue to the Defendant's property.
 The lease between the Plaintiff and Defendant makes no provision for the installation or maintenance of water lines either on the right-of-way or adjacent to it on Plaintiff's land..
 On April 4, 1970, the Defendant caused the installation of a six inch water line on and adjacent to the right-of-way to provide a water source to Defendant's apartment complex and paved the now twenty-five foot wide roadway.
 The Plaintiff was aware of said utility installation and permitted it without discussion with the Defendant because of the existence of the lease executed in January, 1970.
 From 1970 to 1985 the Defendant utilized the right-of-way and its additional 7.5' width and maintained its utility lines on and adjacent to the right-of-way and that during this period the lease of January 31, 1970 was in full force and effect.
 That from January 1, 1986 and through the present time there has been no lease existing between the Plaintiff and Defendant.
 That the last payment by Defendant to Plaintiff pursuant to the lease was on or about December 17, 1986.
 On the 23rd of June 1986, the Superior Court, DeRobbio, J., issued an order for injunctive relief in CA 85-978 in Kent County Superior Court finding for the Plaintiff, Burke-Tarr Company and declaring a condemnation of part of the said right-of-way by the State of Rhode Island to be null and void and against the public good and not a taking for public purpose and ordered a survey taken of the subject property.
 On December 17, 1986, after trial in Kent County District Court on a complaint for trespass and ejectment brought by the Plaintiff against the Defendant, Judgment was entered for the Plaintiff for possession of the leased portion of the said right-of-way and for money damages. An appeal to the Superior Court was taken by the Defendant, and a dismissal stipulation was signed by the parties on February 11, 1987.
 Exhibit 16 is an accurate survey of the subject right-of-way. Plaintiff's property and a delineation of the six inch water line.
 On June 12, 1987, a notice of intent was filed with the City of Warwick Clerk's Office and recorded in Book 984 at Page 334 by the Plaintiff giving notice to the Defendant that the Plaintiff disputes any creation or existence of any rights arising from the use of said right-of-way by the Defendant.
Issues
The Plaintiff has prayed for relief as stated supra for a permanent injunction to restrain and enjoin the Defendant from maintaining its encroachment upon the Plaintiff's premises and requesting the Defendant be ordered to remove said encroachments from the Plaintiff's premises forthwith and during trial and post trial memorandum, for extinguishment of the right-of-way and for a judgment in money damages. At trial, Plaintiff also prayed for punitive damages against the Defendant.
The Defendant has counterclaimed averring an easement by prescription over Plaintiff's property. The Court, after reviewing the exhibits in this case and the testimony of all the witnesses presented by both Plaintiff and the Defendant, and incorporating the findings of fact made by the Court in this decision, as well as the agreed statement of facts filed with the Court on July 20, 1993, makes the following finding of facts and conclusions of law.
I. Punitive Damages. Said damages were not specifically pled by the Plaintiff and based on the testimony of both Plaintiff and Defendant's witnesses, there has been absolutely no showing that the Defendant or its agent acted so willfully, maliciously or recklessly as to amount to conduct bordering on criminality. See Palmisano v. Toth, 624 A.2d 314 at 318 (R.I. 1993). Therefore, any claim for punitive damages are denied and dismissed as the question of punitive damages is a matter of law for the Court to consider based on the facts heard by the Court at trial. Sherman v. McDermott, 329 A.2d 195 (1975).
II. Permanent Injunction and Removal of the Encroachment fromPlaintiff's Property.
The issuance of an injunction and the scope and quantum of injunctive relief rests in the sound discretion of the trier of fact. DeNucci v. Pezza, 114 RI 123, 329 A.2d 807.
Based on the testimony of Ms. Bessie Nickerson, the Court finds no irreparable harm accruing to the Plaintiff by the continued maintenance of the right of way as it currently exists. There has been no showing or assertion by competent evidence that the Plaintiff's business is in any way harmed or impeded by the continued use of said right-of-way or its extension. The existence of the water line in or upon the right-of-way was at all times known by the Plaintiff and was effected with Plaintiff's tacit knowledge and consent because said encroachments and/or improvements were made, according to the Plaintiff's testimony, under the aegis of the existing lease between Plaintiff and Defendant.
Therefore the Plaintiff's prayer for a permanent injunction and removal of any encroachments in or on the right-of-way, including the removal of electrical lines, water lines and asphalt paving are denied and dismissed.
III. Extinguishment of the Easement.
The Plaintiff has not pled for this relief but has presented evidence thereon and testimony to establish Plaintiff's contention that the right-of-way of 17.5' granted by deed in 1911 to Plaintiff's predecessor in title to allow access to a single cottage upon land owned by the Defendant's predecessor in title, constitutes an unreasonable burden to the servient estate and as a result the right-of-way should be extinguished. The Court, allowing the evidence without objection by the defense, will consider this prayer for relief.
The Plaintiff cites to Frenning et al vs. Dow et al at544 A.2d 145 (R.I. 1988) as a case defining the law on extinguishment of an easement. Interestingly, the Defendant cites the same case for its proposition that equity abhors the forfeiture of easements.
The fact pattern of the Dow case and the case at bar contains parallel factual circumstances: both easements were granted in times preceding the invasion of automobiles. Dow in 1838 when the concept was unknown and the instant case in 1911 in the infancy of the horseless carriage. Both uses were contemplated for sporadic low intensity uses, Dow to access one hundred, plus acres of farmland, the instant case to access one little cottage. Both uses over time, demonstratively increased to outstretch the imagination of the grantors of the easement, Dow to ultimately service some 257 acres plus accommodation of the motorized farm equipment and vehicles, and the instant case from a single cottage to an apartment complex of 191 units, untold number of people and vehicles plus clubhouse and tennis courts etc. far more overburdensome in the Court's judgment than the situation which evolve in the Dow case. The right-of-way in the instant case has, in effect, been transformed from a clamshell-coated lane to a modern roadway to the point where it is controlled at Warwick Avenue by automatic electrical traffic control lights. To a casual observer, the right-of-way over the subject property would plainly be mistaken for a public roadway.
While defining what may be necessary for a court, sitting in equity, to extinguish an easement, the Dow case stands for the greater proposition that in these modern days, courts of equity are well equipped to devise methods of solving controversy without extinguishment of an easement. This case, therefore, reinforces the equitable proposition that equity abhors a forfeiture. More often than not, extinguishment of an easement was found to be a more drastic remedy than is necessary. Hurstv. Full Channel Cable T.V. 633 A.2d 264 (R.I. 1993).
In the case at bar, the Plaintiff has clearly established an increase of use of the right-of-way, i.e., from access to a cottage to a multi-building complex. However, the "extent of an easement is to be determined by a construction of the grant or reservation by which it is created, aided by any concomitant circumstances which have a legitimate tendency to show the intent of the parties" Gonsalves v. DaSilva, 76 R.I. 474-477 (1950).
In the case at bar, the increase has clearly been only in degree but not in kind. The use of the Defendant's predecessor in title has been shown by credible evidence to have accommodated motor vehicle traffic to the Moduc Social Club for clambakes and other large social gatherings.
The Plaintiff, the Court finds, acquiesced in and cooperated with the change in degree of the use of the easement when she entered into the 15 year lease with the Defendant which countenanced the increased vehicular use of the widening of the right of way by lease and the asphalt paving and lighting of the right-of-way.
To extinguish this right-of-way at this time would be inequitable to the Defendant and to the residents of the apartment complex whose primary, if not sole, access to the complex is over the right-of-way from Warwick Avenue.
The greater public good, at this point, in the history of the right-of-way, is to maintain it in its present state and in its present purpose. Therefore, the extinguishment of the easement is denied and appropriate remedies will be discussed further in this Decision.
IV. Defendant's Counterclaim that the Defendant has established an easement by prescription over the servient estate.
The Defendant asserts and argues that the Defendant has acquired by prescription a right-of-way over and in the Plaintiff's property by an open, notorious and hostile taking of the property by the Defendant's installation and maintenance of the water line, and asphalt paving over and in the right-of-way described in the 1911 deed.
The Plaintiff has argued that Section 34-7-5 of the Rhode Island General Laws prohibits the achievement of an easement by prescription for a water line as it constitutes a utility or "apparatus" that is forbidden by the statute to constitute a taking by prescription of an easement or any presumption thereof The Plaintiff also argues that even if a water line was not without a utility or apparatus contemplated by the statute, that the time period necessary to establish an easement by prescription has not been met by the Defendant.
The Court finds that based on the credible evidence adduced at trial and upon the agreed statement of facts and the findings of fact made by this Court supra, that the Court does not have to reach the thorny issue whether or not a water line falls within or without R.I.G.L. 34-7-5.
The Court finds as a fact that neither the time requirements for a successful easement by prescription have been met, nor has the Defendant by clear and convincing evidence, proved that what the Defendant alleges to be the elements of the taking, were open, notorious and hostile as required by law to perfect an easement by prescription.
The Court finds as a fact that based on the testimony of Ms. Bessie Nickerson, that she knew of the installation of the six inch water line in and around the area of the right-of-way and allowed the installation because a lease was in effect between the Plaintiff and Defendant.
Ms. Nickerson also testified that she did not know the water line was also in property owned by the Plaintiff, which was not contained in the right-of-way until she had an opportunity to review the survey done by Merrier Surveying Inc. which shows part of the water line in the right-of-way and part yet in the Plaintiff's property outside the right of way.
The Defendant argues that Defendant has used the right of way for a period of 10 years in an open, notorious and hostile manner as required by R.I.G.L. 34-7-1.
The Court finds as a fact that the Defendant has failed to do so by clear and convincing evidence, which is the standard of proof the Defendant must achieve.
The evidence clearly shows that from 1970 to 1985 the Defendant was on a lease for the expanded right-of-way with the Plaintiff. That the Plaintiff knew of and allowed the installation of the water pipe in April of 1970.
That before the lease expired in 1985, on August 23, 1984 the State of Rhode Island condemned the property for highway purposes and that ownership of the property was in the State until the court order of Judge DeRobbio declaring the taking null and void — (State property cannot be taken by prescription.)
That when the lease expired, the Defendant clearly became a tenant at sufferage and that the Plaintiff was awarded possession of the property and rent up to and including December 17, 1986.
That the Defendant continued to use said right-of-way causing the Plaintiff to serve the Defendant with a notice of intent in accordance with R.I.G.L. 34-7-6, which was filed in the Warwick land records.
The Court finds as a fact and concludes, as a matter of law, that this action interrupted the Defendant's use of the property and effectively prevented the Defendant from acquiring any rights after the filing on June 3, 1987.
Therefore, the Counterclaim of the Defendant is denied and dismissed.
IV. Money Damages
The Court finds as a fact and a conclusion of law that, based on the credible evidence of the Plaintiff, which has not been controverted by the Defendant, that the Plaintiff is clearly entitled to money damages. Said damages are occasioned by the lack of payment of any monies to the Plaintiff by the Defendant since the expiration of the lease and subsequent court actions for possession and back rent of the subject property, to wit: the seven and one half feet used to widen the right of way.
The Court finds the Defendant to be liable for the fair market value of the right-of-way as extended and improved pursuant to the now expired lease.
The Plaintiff has attempted to establish reasonable damages based on the terms of the expired lease, taxes paid by the Plaintiff to the City of Warwick over the years, an increase in valuation of the property of the Plaintiff and the Defendant as assessed by the City of Warwick and the importance of the continued use of the roadway by the Defendant to access the apartment units.
The Plaintiff in its post-trial brief opines that while the assessed value of the land in question in 1987 has been increased by 221%, not counting a rise in the rate of inflation, that there is no magic formula for establishing appropriate damages in this case.
The Court agrees that damages assessed in this case must not be speculative but based on competent evidence. The Court finds that the attempts made by the Plaintiff to establish a reasonable and equitable fair market value for the use of the Plaintiff's property, while admirable and inventive, fall short of the standard necessary for the Court to cogently address this important aspect of this case.
Accordingly, the Court finds as a fact that the Defendant is liable for damages to the Plaintiff amounting to the fair market value of the use of the Plaintiff's property which has been engaged by the Defendant, without payment, from December 1987 to the present, plus applicable interest and costs.
Said damages to be determined by a trial on damages, continued before the trial justice and after the taking of appropriate expert testimony on the sole question of damages.
Judgment shall enter forthwith on all other aspects of this case, as previously discussed and decided.